BLOCK, Plaintiff in error, v. STATE, Defendant in error.

*No. State 93. Argued December 3, 1968.—Decided December 20, 1968.*
(Also reported in 163 N. W. 2d 196.)

Larry M. Block (appellant) was convicted by the court without a jury on October 3, 1967, of disorderly conduct, a misdemeanor, in violation of sec. 947.01, Stats., and was also found to be a repeater under sec. 939.62. He was sentenced to the Wisconsin reformatory for a term not exceeding two years.

The cause was submitted for the plaintiff in error on the brief of *Corliss V. Jensen* of Medford, and for the defendant in error on the brief of *Bronson C. La Follette,* attorney general, *William A. Platz* and *Sverre O. Tinglum,* assistant attorneys general, and *John O. Olson,* district attorney of Taylor county.

HALLOWS, C. J.   At the trial two certificates of court records showing alleged prior convictions of a Larry Block were admitted into evidence without objection. It is argued these were insufficient to prove the identity of Block so as to find him a repeater, and also there was no proof the prior convictions remained of record and unreversed, as required by sec. 939.62 (2), Stats.[1]

Exhibit 1 was a certified copy of a sentence imposed upon "Larry Block" by the county court of Taylor county on January 20, 1965, for theft, Taylor county being the county in which the present case was tried.   Exhibit 2 was a certified record of multiconvictions of "Larry M. Block" in Marathon county on March 24, 1966, and April 14, 1966.   This exhibit showed Larry M. Block's residence as Route No. 1, Dorchester, Wisconsin.   Dorchester is a rural Clark county community within five miles of both Marathon and Taylor counties.

There is no doubt the state has the burden to prove the identity of the accused as the person previously convicted in order to establish the accused as a recidivist. *State v. Meyer* (1951), 258 Wis. 326, 46 N. W. 2d 341. There is a rule that identity of names will be accepted as prima facie evidence of the identity of persons. *Jenkins v. United States* (D. C. 1958), 146 Atl. 2d 444; *State v. Griffin* (Mo. 1960), 339 S. W. 2d 803; *Stinson v. State* (1941), 65 Ga. App. 592, 16 S. E. 2d 111; *State v. West* (1928), 175 Minn. 516, 221 N. W. 903; *see* Annot. (1950), *Evidence of identity for purposes of statute as to*

---

[1] 939.62 "Increased penalty for habitual criminality. . . .

"(2) The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded."

*enhanced punishment in case of prior conviction,* 11 A. L. R. 2d 870. While there is contrary authority, most authorities have adopted the rule that the identity of names is prima facie evidence of identity of persons and consequently "in the absence of rebutting testimony, the presumption will support a finding of such identity." *Williams v. State* (Okla. 1961), 364 Pac. 2d 702; *Rex v. Leach* (1908), 17 Ont. L. Rep. 643, 14 Ann. Cas. 580.

This rule allows the trier of the fact to make a determination upon consideration of such facts as the commonness of the name in the locality, the place of the commission of the crime, the character of the crime or crimes, and such other factors which would be acceptable to a reasonable man as aids in determining identity. In this case the records were from the same county in which this suit was tried and from an adjoining county of a person purporting to live in the area which is not heavily populated. We think the identity of the appellant was prima facie proved and the appellant should have put in rebutting proof if he had any.

An official report of this state of a conviction is prima facie evidence of the conviction therein reported and therefore is sufficient to support a finding that the conviction is valid, is of record and unreversed. Sec. 959.12 (1), Stats. While sec. 939.62 provides that prior convictions of record and unreversed are a basis for a finding of habitual criminality and pardon may be shown if it was granted on the ground of innocence, this section does not change the burden of proof. The existence of a pardon, or a vacation or a reversal of a conviction is a matter of defense and the burden of establishing such defense is upon the defendant. 24B C. J. S., *Criminal Law,* p. 488, sec. 1965; *Freeman v. State* (1931), 118 Tex. Crim. 67, 39 S. W. 2d 895; *Allen v. Commonwealth* (1938), 272 Ky. 533, 114 S. W. 2d 757. The provisions of sec. 939.62 do not place this burden upon the state and it would be unreasonable to do so.

The most serious objection raised by the appellant is the claimed error of the trial court in hearing evidence on the question of whether the appellant was a repeater prior to finding him guilty on the misdemeanor charge. This procedure is a natural result of charging an accused with being a repeater in the information, which is permitted by sec. 959.12 (1), Stats. Being a repeater is not a crime but may enhance the punishment of the crime for which the repeater is convicted. The allegation of recidivism is put in the information in order to meet the due-process requirements of a fair trial. When the defendant is asked to plead, he is entitled to know the extent of his punishment of the alleged crime, which he cannot know if he is not then informed that his prior convictions may be used to enhance the punishment. The evidence of prior convictions of Block was heard along with the evidence on the issue of guilt on the disorderly conduct charge. It is claimed such procedure is prejudicial to an accused and the trial should be either bifurcated or the evidence on the repeater issue deferred until there has been a conviction on the crime charged and then treated as part of the sentencing procedure.

This raises the question of the proper procedure for determining prior convictions under secs. 959.12 and 939.62, Stats. Prior to the passage of ch. 422 of the Laws of 1965, which amended sec. 959.12, whenever a person would have been a repeater if convicted of the crime charged, the prior convictions could be brought before the court at any time before the execution of the sentence had commenced. When this question was not raised until after the accused was convicted, any factual issue was tried to the court in the process of sentencing unless the accused demanded a jury which he had a right to do. See *Spoo v. State* (1935), 219 Wis. 285, 262 N. W. 696. The section also allowed prior convictions to be alleged in the complaint, information or indictment. When this was done, proof of the prior convictions if denied was sometimes heard with the evidence on the issue of guilt.

This was a dangerous practice running afoul of the rule which excludes (except in certain cases) evidence of other crimes from being submitted to the jury as proof of the guilt of the accused of the specific offense for which he is on trial. Consequently, the section provided the accused could avoid this hazard by stipulating his prior convictions and if he did, it was error to admit any evidence or comment thereon to the jury. *Howard v. State* (1909), 139 Wis. 529, 121 N. W. 133; *State v. Meyer, supra.*

In 1965, sec. 959.12, Stats., was amended and all reference to the determination by a jury was removed and the allegation of repeater was restricted to the complaint, indictment, or information, or amendment thereof prior to or at arraignment and before acceptance of any plea. This amendment eliminated the possibility of a plea of guilty and a subsequent charge of being a repeater. Due process required an accused to know the range of his punishment at the time of his plea of guilty. The removal of the provisions for a jury trial eliminated the possibility of prejudice where the defendant was tried to a jury on the offense charged.

The unfairness of trying the issue of guilt with a collateral issue of being a repeater has plagued many courts. In some thirty states, recidivist procedure prohibits the introduction of prior convictions until after the jury has found the defendant guilty of the crime currently charged. Other states have held prior conviction evidence before a jury determines a defendant is guilty is a violation of due process. *See* authorities cited in *State ex rel. La Follette v. Raskin* (1967), 34 Wis. 2d 607, 150 N. W. 2d 318. In *Raskin* we stated sec. 959.12, Stats., as now constituted requires the fact finding of prior convictions to be done by the court, not the jury, as a part of the sentencing procedure. The defendant is not entitled to a jury trial on this issue. Such right offered by prior statutes has been abrogated. Likewise, due process requires the court not to hear evidence of prior convic-

tions to determine recidivism prior to a finding or conviction of guilty on the crime charged.

A charge of being a repeater is not a charge of a crime and, if proved, only renders the defendant eligible for an increase in penalty for the crime of which he is convicted. Sec. 939.62, Stats.; *State v. Miller* (1941), 239 Wis. 334, 1 N. W. 2d 178; *Watson v. State* (1926), 190 Wis. 245, 208 N. W. 897. The enhanced punishment does not change a misdemeanor into a felony. *Harms v. State* (1967), 36 Wis. 2d 282, 153 N. W. 2d 78.

The language in *Wells v. State* (1968), 40 Wis. 2d 724, 162 N. W. 2d 634, implying the proof of recidivism should be at the trial, and in *State v. Watkins* (1968), 40 Wis. 2d 398, 162 N. W. 2d 48, stating the state must prove the prior convictions during the trial must be read in a broad sense to mean in connection with the sentencing process and not contemporaneously with the issue of guilt.

It is claimed the procedure used by the trial court was prejudicial to the appellant. If the trial had been to a jury, we would agree. However, the trial judge is able and experienced in trial work, and we must presume that in this type of case he would disregard in his consideration of the issue of guilt all matters not relevant to that issue. In view of the fact the evidence of guilt is so strong, we are convinced the prior convictions did not tip the scales and, although not relevant to the issue of guilt, were also disregarded. As in the case of the admission of improper evidence in a trial to the court, the error is considered harmless unless it clearly appears that but for such evidence the finding made would have been different in all probability. *State v. Cathey* (1966), 32 Wis. 2d 79, 145 N. W. 2d 100; *Gauthier v. State* (1965), 28 Wis. 2d 412, 137 N. W. 2d 101, certiorari denied, 383 U. S. 916, 86 Sup. Ct. 910, 15 L. Ed. 2d 671.

We consider there is no merit in the argument that the sentence imposed was an abuse of discretion. While

one might think that a two-year sentence is excessive punishment for a misdemeanor, it must be remembered the repeater statute was passed for the very purpose of increasing the punishment of those persons who do not learn their lesson or profit by the lesser punishment given for their prior violations of the criminal laws. In this case the appellant could have been given a maximum of three years instead of the two-year sentence.

Likewise, we find no merit in the argument that the presumption of validity of prior convictions created by sec. 959.12 (1), Stats., violates his constitutional right to remain silent. It is true the defendant does not have to put in a defense but if a prima facie case is proved against him he must take the consequences if he wishes to remain silent.

*By the Court.*—Judgment affirmed.