STATE of Wisconsin, Plaintiff-Respondent,

v.

Christopher Wayne FARR,
Defendant-Appellant-Petitioner.†

Supreme Court

*No. 82–1805–CR. Submitted on briefs May 29, 1984.—
Decided June 28, 1984.*

(Also reported in 350 N.W.2d 640.)

† Motion for reconsideration denied August 15, 1984, without costs.

For the defendant-appellant-petitioner there was a brief by *Steven P. Weiss,* assistant state public defender.

For the plaintiff-respondent there was a brief by *Stephen W. Kleinmaier,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

STEINMETZ, J.   There are two issues in this case. The first one is whether the presentence report which contained the defendant's "prior record" met the status of an official report pursuant to sec. 973.12(1), Stats.[1]

---

[1] Sec. 973.12(1), Stats., provides:

"**973.12   Sentence of a repeater.** (1) Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62 unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater. An official report of the F.B.I. or any other governmental agency of the United

The other issue is whether the defendant admitted that he had been convicted of a felony during the five-year period immediately preceding the commission of the present burglary offense for which he was being sentenced and therefore relieved the state of its proof pursuant to sec. 973.12(1).

This case was commenced by the filing of a criminal complaint on March 16, 1981, which charged the defendant, Christopher Wayne Farr, with one count of burglary and as a repeat offender contrary to secs. 943.10 (1)(a) and 939.62(1)(b), Stats.[2] The complaint alleged

States or of this or any other state shall be prima facie evidence of any conviction or sentence therein reported. Any sentence so reported shall be deemed prima facie to have been fully served in actual confinement or to have been served for such period of time as is shown or is consistent with the report. The court shall take judicial notice of the statutes of the United States and foreign states in determining whether the prior conviction was for a felony or a misdemeanor."

[2] Sec. 943.10(1)(a), Stats., provides:

"**943.10 Burglary.** (1) Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class C felony:

"(a) Any building or dwelling; or"

Sec. 939.62, Stats., provides:

"**939.62 Increased penalty for habitual criminality.** (1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

"(a) A maximum term of one year or less may be increased to not more than 3 years.

"(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

"(c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for mis-

the defendant was a repeater based upon the fact that: "[T]he official records of the Racine County Circuit Court indicate that on July 20, 1979, Circuit Court Br. No. 7 defendant was convicted of a charge of felony burglary contrary to Sec. 943.10(1)(a) which conviction remains of record and unreversed."

Following a preliminary hearing on March 27, 1981, the defendant was bound over for trial.

On March 30, 1981, an information was filed alleging that the defendant committed a burglary and further informing the court that "the said defendant was within 5 years convicted of a felony, to-wit: Burglary, on July 20, 1979, in Racine Circuit Court, sentence therefor remaining of record and unreversed."

demeanors and by not more than 10 years if the prior conviction was for a felony.

"(2) The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

"(3) In this section 'felony' and 'misdemeanor' have the following meanings:

"(a) In case of crimes committed in this state, the terms do not include motor vehicle offenses under chs. 341 to 349 and offenses handled through court proceedings under ch. 48, but otherwise have the meanings designated in s. 939.60.

"(b) In case of crimes committed in other jurisdictions, the terms do not include those crimes which are equivalent to motor vehicle offenses under chs. 341 to 349 or to offenses handled through court proceedings under ch. 48. Otherwise, felony means a crime which under the laws of that jurisdiction carries a prescribed maximum penalty of imprisonment in a prison or penitentiary for one year or more. Misdemeanor means a crime which does not carry a prescribed maximum penalty sufficient to constitute it a felony and includes crimes punishable only by a fine."

After a jury trial which was held on May 6, 1981, the defendant was found guilty of burglary. The court granted the state's motion for judgment to be entered on the verdict and set the case for sentencing to be held on May 20, 1981.

Sentencing was held before the Honorable Dennis J. Flynn on the scheduled date. At that time, the district attorney indicated: "The matter is set for sentencing following a jury verdict of guilty on the charge of burglary as a habitual offender." The state recommended a maximum sentence of 16 years imprisonment; ten years as the maximum for the burglary conviction and six years as a penalty enhancer under the repeater statute.

The trial court sentenced the defendant to serve a term of imprisonment not to exceed ten years which was the maximum sentence for conviction of burglary. It was to be served concurrent with any other sentence that had been imposed by any other court.

A postconviction motion hearing was held on August 6, 1982, before the Honorable Dennis D. Costello, Racine county circuit judge.[3] The court denied the portions of the motion which pertained to an alleged excessiveness of sentence and insufficiency of evidence, but took the repeater issue under advisement. That issue was whether there was any proof before the sentencing judge on which the repeater finding was properly based and whether the trial court had properly found the defendant to be a repeater. The court determined that it would require briefs on the repeater issue and directed the district attorney to "dig up the record on this person." Judge Costello obviously meant some record other than the police record which had been before Judge Flynn as a part of the presentence report at the time of sentencing.

---

[3] Although Judge Flynn sentenced the defendant, Judge Costello heard the postconviction motion. Judge Flynn had been transferred off of the criminal bench.

In its written decision, the motion court denied the defendant's postconviction motion. Although the court noted that there was a discrepancy as to the date of a prior conviction,[4] the court stated that "[a] certified copy of the actual judgment of conviction filed by the State for purposes of this motion shows a burglary offense was committed by the defendant on March 6, 1978 and the sentence took place on July 20, 1979." Neither the state's brief regarding the repeater issue nor the judgment of conviction alluded to in the court's decision was ever served on the defendant's attorney, nor are they in the record. In denying the defendant's postconviction motion, the judge stated:

"This court is satisfied that the pre-sentence report of a State agency, which was ordered by Judge Flynn, sufficiently set forth and 'proved' the prior felony conviction before sentencing. Thus, the repeater statute was available to Judge Flynn at sentencing. Even without the repeater statute, the sentence was within statutory limitations for the crime burglary."

The prior felony conviction referred to was one within five years preceding the commission of the charged felony for which the defendant was convicted as required by sec. 939.62(2), Stats.

The proof referred to in the judge's statement is set out in sec. 973.12(1), Stats. That statute allows for proof of the prior crime or crimes for repeater sentencing to be provided by an admission of the defendant or proved by the state which may be done by presenting the court with "[a]n official report of the F.B.I. or any other

---

[4] The court stated that the information alleged a prior burglary conviction on June 20, 1979, and that the presentence report showed a burglary conviction on March 14, 1978. The filed information alleged that the defendant had been convicted of burglary on July 20, 1979. The presentence report did not specify if the March 14, 1978, date referred to the date of commission, the date of judgment or the date of sentencing of the prior conviction.

governmental agency of the United States or of this or any other state." The statute further provides that such report "shall be prima facie evidence of any conviction or sentence therein reported."

Judge Costello ruled favorably to the state's position that the probation report which recited the defendant's prior record met the status of being such an official report of the probation department which is a governmental agency of Wisconsin. If the report is properly prepared with that use and status as an objective, the argument may be acceptable. However, we do not so rule since it is not necessary to our decision and the relevant portions of this report merely reflect the prior record of the defendant from some law enforcement agency which is not even identified. The information in the report regarding his prior record does not state the dates of prior convictions which sec. 939.62(2), Stats., requires since the prior conviction date must be compared to the date of commission of the present crime for which he was being sentenced. In analyzing the five-year period for the application of the repeater statute, sec. 939.62(2) requires that the *conviction of the earlier felony* be considered and compared to the *commission date of the present crime* for which he is being sentenced. From the report in this case, we do not know with certainty the conviction date of the previous felony. It could be surmised as being within the previous five-year period; however, such hypothesis should not have to be resorted to when dealing with a substantial penalty enhancer. In this case a burglary conviction carried a maximum ten-year imprisonment penalty and the repeater enhancer another six years of imprisonment.

Although the presentence report showed that the defendant had five prior felony convictions, it did not provide the dates of conviction, and, therefore, left to con-

jecture whether any of them were within the previous five years.

When an assignment is made to the probation department for a presentence report, that department knows from the contents of the filed information that the defendant is charged with being a repeater. In gathering information for the report the department should check the court files, if locally located, and in the report should include a brief synopsis of the prior conviction relied on in the information for repeater status. The report can reflect the date of commission of the previous offense but what is critical is the date of conviction of the prior offense. To be an official report under sec. 973.12(1), Stats., on which reliance may be placed, the report must contain relevant information regarding the issue of repeater status and must specifically include the date of conviction for the previous offense. The statute refers to an official report of the F.B.I. or any other governmental agency of the United States or of any state; however, such official report must contain critically relevant facts to be acceptable for applying the repeater statute. The report in the present case did not contain such information and, therefore, could not be relied on for the penalty enhancement.

The court of appeals in an unpublished decision affirmed the trial court, not on the basis that the presentence report was a report referred to in sec. 973.12 (1), Stats., but rather, on the basis that during sentencing procedures the defendant admitted that the requisite previous felony conviction had been within the previous five years. This alleged admission was based on the fact that the defendant's attorney did not object to the trial judge's statement of 16 years being available for sentencing and that defendant's probation had been revoked earlier in the year, in January, 1981. Even if these actions or silences were some form of admission, they do

not specify the date of the previous conviction. At the time of the sentencing hearing, the defendant stated that he was serving a five-year sentence, which he had received in 1979. That, however, is not an admission as to the time of a previous felony conviction which must be known for a repeater status. The defendant could have been previously convicted but sentence withheld until it was imposed in 1979 and therefore the conviction date is not certain or known. This record does not show that either the defendant or his attorney admitted other than by inferences to a previous felony conviction of the defendant within five years prior to the commission date of the burglary for which the defendant was being sentenced. Therefore, the state was not relieved of the burden of proving the prior conviction.

The state argues that in light of this record, where the defendant and his attorney failed to object to statements and actions of the prosecutor and the trial court, where the defendant and his attorney contributed to the trial court's understanding that the defendant was being sentenced as a repeater, and where the defendant and his attorney obviously knew that the defendant had a conviction in 1979 and recognized that he was being sentenced as a repeater, the defendant has waived any objection he might have had to the trial court sentencing him as a repeater. Those circumstances fall short of an admission by the defendant of the prior convictions as required by sec. 973.12(1), Stats. The admission may not by statute be inferred nor made by defendant's attorney, but rather, must be a direct and specific admission by the defendant. The trial court may ask the defendant the direct question while observing the defendant's criminal record before him whether the defendant was convicted on a particular date of a specific crime which was a felony. If that is done, the admission

of the defendant as allowed by the statute is satisfied. If the defendant stands mute or denies the conviction, a certified copy of it can be presented to the trial court or the case jacket itself may be presented if it is from the same county where sentencing is being done, or in the alternative, the proof may be made by an official report of the F.B.I. or any other governmental agency of the United States or of this or any other state which is specific enough to identify the defendant, the felony, and the date of conviction.

From statements of the trial judge, it appears that he intended to sentence the defendant as a repeater. The judge stated: "You are involved here and found guilty of the crime of burglary as a repeater. . . . The maximum penalties here are 16 years in prison or $10,000 or both . . . . You have been convicted as a repeater." Having made those statements at sentencing, the trial court also stated:

"Clearly you have an extensive prior record. . . . This particular crime is aggravated, one, because of your record, two, the fact that you have been released from prison, and three, that you were on probation when the incident itself occurred. . . . I don't feel the maximum sentence is called for in this particular case. . . . I feel a substantial sentence is called for."

The judge then sentenced the defendant to a term of ten years with the sentence to be concurrent to the five-year prison sentence which he was serving and gave the defendant credit against the ten-year sentence for any time he had served since he was charged with the offense.

The trial court believed that the defendant faced a maximum term of 16 years in prison because the defendant was sentenced as a repeater. We have held in *State v. Harris,* No. 82–1889–CR, filed this same date, that the repeater statute, sec. 939.62(1), Stats., does not apply as a penalty enhancer until and unless the defend-

ant receives the maximum sentence allowed under the law for the presently charged offense.

"A charge of being a repeater is not a charge of a crime and, if proved, only renders the defendant eligible for an increase in penalty for the crime of which he is convicted." *Block v. State,* 41 Wis. 2d 205, 212, 163 N.W.2d 196 (1968). The only consequence of the state proving the defendant to be a repeater is that the defendant is subjected to the possibility of a sentence longer than the maximum one provided by law for the offense for which the defendant is convicted. *See Harris.*

In the instant case, the trial court did not, in fact, use the repeater provision in sentencing the defendant. The court sentenced the defendant to a term of ten years to be served concurrent to the sentence for which he was already in prison. Ten years is the maximum sentence for a burglary conviction without the aid of the repeater provision.

■

The trial judge erred in finding the defendant guilty as a repeater on this record; however, he did not use the repeater provision in enhancing the defendant's sentence, since he did not increase the sentence beyond the ten years which were available. "We have frequently stated that we will remand for sentencing or modify the sentence only when an abuse of discretion clearly appears. . . . Where the judicial sentencing discretion is exercised on the basis of clearly irrelevant or improper factors, an abuse of discretion also results." *McCleary v. State,* 49 Wis. 2d 263, 278, 182 N.W.2d 512 (1971). However, in this case the sentencing discretion was not exercised on the basis of clearly irrelevant or improper factors and therefore we do not find the trial judge abused his discretion.

In imposing the ten-year sentence, the judge was aware and verbalized on the record that the defendant had previously been frequently convicted of crime, both

as a juvenile and adult, that he had been tried on probation and failed, and that he had been imprisoned previously with no deterrent effect on him. The defendant showed no contriteness or remorse for his proven involvement in the present crime. The only untried factor of sentencing for this defendant which was left to the judge was to protect society from the defendant.

*McCleary*, 49 Wis. 2d at 275–76, reaffirmed *Neely v. State*, 47 Wis. 2d 330, 334, n. 8, 177 N.W.2d 79 (1970), in approving *Standards Relating to Sentencing Alternatives and Procedures*, American Bar Association Project on Minimum Standards for Criminal Justice, Approved Draft, 1968, page 14, sec. 2.2, which stated a sentence should consider the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. The defendant in the present case had, by his continuous involvement in crime and by this crime in particular, shown that the only consideration which had not been stressed in previous sentencing was the protection of the public.

In *McCleary* this court stated that even where there is an abuse of discretion, we will not set aside a sentence for that reason:

"[R]ather, we are obliged to search the record to determine whether in the exercise of proper discretion the sentence imposed can be sustained. It is not only our duty not to interfere with the discretion of the trial judge, but it is, in addition, our duty to affirm the sentence on appeal if from the facts of record it is sustainable as a proper discretionary act." *Id.* at 282.

The judge did not give the maximum sentence of 16 years which he mistakenly thought was available under the repeater statute. However, he did recognize the gravity of the instant offense,[5] the substantial crim-

---

[5] The judge stated: "This particular crime is aggravated . . . ." The record showed the present crime was a burglary to a residence committed by breaking the door, ransacking the premises, removing a stereo set, speakers, money, a television set, a gun,

inal record of the defendant, the lack of remorse of the defendant, the fact that the defendant committed this offense while on probation, and finally that society needed protection from this habitual criminal.

In fact, the judge did not even give the maximum sentence available for a burglary conviction without the aid of the repeater statute since he gave the defendant the ten-year statutory limit for burglary but made it concurrent to the five-year prison sentence the defendant was serving. Had the judge made the ten-year sentence consecutive to the five-year prison sentence, then he would have given a maximum available sentence.

The trial judge, though in error as to the repeater status being proven, did not abuse his discretion in imposing a ten-year concurrent sentence for the crime charged, based on the gravity of the offense, the habitual criminal nature of the defendant, the failure of remedial efforts for the defendant in the past, his lack of remorse and the need to protect society. We therefore affirm the sentence imposed.

*By the Court.*—The decision of the court of appeals is affirmed.

WILLIAM G. CALLOW, J. (concurring). The majority opinion discusses the status of a presentence investigation report which may be ordered by the judge prior to sentencing. The majority declines to take a positive position on the conclusiveness of the evidence of a prior conviction set forth in the report by stating: "If the report is properly prepared with that use and status as an objective, the argument [as to conclusiveness] may be acceptable." (P. 657.) Section 973.12(1), Stats., provides, in part: "An official report of the F.B.I. or

holster and some ammunition, none of which was recovered. The defendant denied the crime and was found guilty by a jury. Fingerprint evidence was presented to convict him.

any other governmental agency of the United States or of this or any other state shall be prima facie evidence of any conviction or sentence therein reported."

I conclude that, when such a presentence investigation report includes evidence of any conviction or sentence previously imposed, the statute clearly permits the sentencing judge, in the absence of contradictory evidence, to rely upon such report in considering an appropriate sentence.

I am authorized to state that Justices DAY and CECI join in this concurring opinion.