STATE of Wisconsin, Plaintiff-Respondent,

v.

David C. LIEBNITZ, Defendant-Appellant.

Supreme Court

*No. 98–2182. Oral argument October 12, 1999.—Decided December 21, 1999.*

(Also reported in 603 N.W.2d 208.)

For the defendant-appellant there were briefs (in the court of appeals) by *Rex R. Anderegg* and *Anderegg & Mutschler, LLP,* Milwaukee and oral argument by *Rex R. Anderegg.*

For the plaintiff-respondent the cause was argued by *Gregory M. Posner-Weber*, assistant attorney general with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. WILLIAM A. BABLITCH, J. Defendant David C. Liebnitz (Liebnitz) was charged with multiple felony counts and as a habitual criminal (a repeat offender or repeater) pursuant to Wis. Stat. § 939.62

(1991–92).[1] Liebnitz and the State of Wisconsin (State) subsequently entered into an agreement in which Liebnitz agreed to enter a plea of no contest. The agreement included a sentencing recommendation that could be attained only through application of the repeater statute. The circuit court accepted Liebnitz's no contest plea and imposed the recommended penalty.

---

[1] Wis. Stat. § 939.62 (1991–92) states in relevant part:

**Increased penalty for habitual criminality. (1)** If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42 or a failure to report under s. 946.425) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

(a) A maximum term of one year or less may be increased to not more than 3 years.

(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

(c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

**(2)** The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

All subsequent references to the Wisconsin Statutes are to the 1991–92 text unless otherwise noted.

Although Wis. Stat. § 939.62 has been amended since 1991–92, the changes do not impact upon our analysis in this case.

¶ 2. Liebnitz now contends that the years of incarceration attributable to his status as a repeater are void. To sentence a defendant as a repeater, Wis. Stat. § 973.12(1)[2] requires the State to prove, or the defendant to admit, any prior convictions that form the basis of the defendant's repeater status. Liebnitz contends that § 973.12(1) was not satisfied in his case. We disagree. The record establishes that Liebnitz fully understood the nature of the repeater charge. Based upon the totality of the record, we conclude that Liebnitz's plea to the information constituted an admission under § 973.12. Therefore, we affirm the circuit court order denying his motion to void an excess sentence not authorized by law.

---

[2] Wis. Stat. § 973.12(1) provides:

**Sentence of a repeater. (1)** Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62 unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater. An official report of the F.B.I. or any other governmental agency of the United States or of this or any other state shall be prima facie evidence of any conviction or sentence therein reported. Any sentence so reported shall be deemed prima facie to have been fully served in actual confinement or to have been served for such period of time as is shown or is consistent with the report. The court shall take judicial notice of the statutes of the United States and foreign states in determining whether the prior conviction was for a felony or a misdemeanor.

This statute has been amended since 1991–92. However, the modifications do not impact upon our analysis in this case.

¶ 3. The facts in this case are not in dispute. On August 27, 1992, Liebnitz was in an automobile collision in which three people were killed and two were seriously injured. Liebnitz was also injured in the crash.

¶ 4. On the following day, the State charged Liebnitz with three felony counts of homicide by negligent operation of a vehicle[3] and two counts of causing great bodily harm by negligent operation of a vehicle.[4] With each of these five counts, the criminal complaint charged Liebnitz as a repeat offender under Wis. Stat. § 939.62.[5] Each repeater charge in the criminal complaint set forth the facts supporting its application to Liebnitz. Liebnitz does not challenge the accuracy or specificity of the repeater provisions detailed within the complaint.

¶ 5. Liebnitz appeared before the Washington County Circuit Court for a hearing on August 31, 1992. At the hearing, Liebnitz, through his counsel, received a copy of the criminal complaint.

¶ 6. Although Liebnitz's counsel waived reading of the complaint, the circuit court judge proceeded to read the charges and the repeater allegations:

> THE COURT: Mr. Liebnitz, what Count 1 says is that on August 27, 1992, in the Town of Jackson, in Washington County, you did feloniously cause the death of John Talbot by the negligent

---

[3] Wis. Stat. § 940.10 and Wis. Stat. § 939.50(3)(e).

[4] Wis. Stat. § 346.62(4) and Wis. Stat. § 346.65(5).

[5] Liebnitz also was charged with one count of possessing a controlled substance with intent to deliver, contrary to Wis. Stat. § 161.14(4)(t) and 161.41(1m)(h)1. As part of the plea agreement, the State agreed to dismiss and read in this charge for sentencing purposes.

operation or handling of a vehicle. Do you understand the nature of the charge?

MR. LIEBNITZ: Yes, I do.

THE COURT: The penalty, if you are convicted, is one for which you could be fined not to exceed $10,000.00 or imprisonment not to exceed two years, or both. Do you understand the nature of the penalties?

MR. LIEBNITZ: Yes.

THE COURT: I should advise you further that the complaint further alleges that pursuant to the statutes, you are a repeater in that you were convicted of a felony being the delivery of a controlled substance contrary to the law in that on March 27, 1989, you were in possession with intent to deliver a controlled substance as a subsequent offender contrary to the law and that on October 17, 1989, and therefore by virtue of your repeater status under the section of the statute, the above penalty is enhanced or increased by six years so that the maximum possible penalty can be imprisonment for a term not to exceed eight years. Do you understand the possible enhancement of the penalty involved here?

MR. LIEBNITZ: Yes, sir.

THE COURT: Further, it indicates that on August 27, 1992 in Count 2 in the Town of Jackson, Washington County, you did feloniously cause the death of Dolores M. Harrigan by the negligent operation or handling of a vehicle. Do you understand the nature of this charge?

MR. LIEBNITZ: Yes.

THE COURT: And you should be further advised that if you are convicted of this charge, there could be a penalty of a fine not to exceed $10,000.00, or imprisonment not to exceed two years or both. Do you understand the nature of this charge and the possible penalties?

MR. LIEBNITZ: Yes.

THE COURT: The criminal complaint further says with reference to Count 2 that you are a repeater in that you were convicted of felonies being the delivery of a controlled substance contrary to the section of the statutes and alleges that on October 17, 1989 and therefore, by virtue of your repeater status under the section of the Wisconsin Statutes, the penalty is enhanced by six years so that the maximum possible imprisonment is for a term not to exceed eight years. Do you understand the increased or enhanced penalty?

MR. LIEBNITZ: Yes.

THE COURT: Count 3 says that on August 27, 1992 in the Town of Jackson, Washington County, Wisconsin, you did feloniously cause the death of Mark A. Talbot by the negligent operation or handling of a vehicle. Do you understand the nature of this charge?

MR. LIEBNITZ: Yes.

THE COURT: If you should be found guilty of this charge, you could be fined not to exceed $10,000.00 or imprisonment not to exceed two years or both under the law. Do you understand those penalties?

MR. LIEBNITZ: Yes.

THE COURT: Again with respect to Count 3, it goes on to further say and indicate that pursuant to the statutes of Wisconsin, you are a repeater in that you were convicted of felonies, and again it indicates the delivery of a controlled substance contrary to the law in that on March 27, 1989, you were in possession with intent to deliver a controlled substance as a subsequent offender, again contrary to the law in that on October 17, 1989, and therefore by virtue of your repeater status under the statute, the above penalty is enhanced by six years so that the maximum possible imprisonment is for a term

not to exceed eight years. Do you understand the possible enhanced and increased penalty?

MR. LIEBNITZ: Yes.

THE COURT: Count 4 says that on August 27, 1992, in the Town of Jackson, Washington County, you did feloniously cause great bodily harm to Merry L. Talbot, by the negligent operation of a vehicle. Do you understand the nature of this charge?

MR. LIEBNITZ: Yes.

THE COURT: You should know that if you are found guilty of this charge, there could be a fine of not less that [sic] $600.00 nor more than $2,000.00 and you may be imprisoned for not less than 90 days nor more than 18 months contrary to the Wisconsin statutes. Do you understand the penalty?

MR. LIEBNITZ: Yes.

THE COURT: It further indicates that in connection with Count 4, that you are a repeater in that you were convicted of felonies being the delivery of a controlled substance contrary to the law on March 27, 1989 and possession with intent to deliver a controlled substance as a subsequent offender on October 17, 1989, and the above penalty is enhanced or increased by six years to that the maximum possible imprisonment is for a term not to exceed 7 years 6 months. Do you understand these penalties?

MR. LIEBNITZ: Yes.

THE COURT: Further, it alleges in Count 5 that on August 27, 1992 in the Town of Jackson, Washington County, you did feloniously cause great bodily harm to Mary D. Talbot by the negligent operation of a vehicle. Do you understand the nature of this charge?

MR. LIEBNITZ: Yes.

279

THE COURT: The penalty in connection with this, if you should be found guilty or convicted, is that you could be fined not less than $600.00 nor more than $2,000.00, and may be imprisoned for not less than 90 days nor more than 18 months under the section of the Wisconsin Statutes. Do you understand these possible penalties?

MR. LIEBNITZ: Yes.

THE COURT: Further in connection with Count 5, it further indicates that pursuant to a section of the Wisconsin Statutes, you are a repeater in that you were convicted of felonies being the delivery of a controlled substance, that is the delivery of a controlled substance, on March 27, 1989 and possession with intent to deliver a controlled substance as a subsequent offender contrary to the section of the statutes and that on October 17, 1989, and therefore by virtue of your repeater status under the section of the Wisconsin statutes, the above penalty is enhanced by six years so that the maximum possible imprisonment is for a term not to exceed 7 years 6 months. Do you understand the nature and the enhancement of the increased penalty?

MR. LIEBNITZ: Yes, sir.

¶ 7. An arraignment was held on October 16, 1992. The information was served, filed, and defense counsel acknowledged receipt of a copy of that document. The information individually listed each count, and its related repeater charge, being brought against Liebnitz. Liebnitz entered a plea of not guilty.

¶ 8. Subsequently, the parties reached a plea agreement. The written plea agreement, filed with the circuit court on February 8, 1993, set forth a sentencing recommendation that provided for consecutive, enhanced sentences on counts one through three (four years on each count) and consecutive, statutory maxi-

mum sentences on counts four and five (18 months on each count). On February 26, 1993, Liebnitz completed a Request to Enter Plea and Waiver of Rights form and filed it with the court. On the form, Liebnitz acknowledged that he understood that the possible maximum penalties that he faced upon his conviction were eight years each for counts one, two and three; seven years, six months each for courts four and five; plus fines. Although the sentence recommended in the written plea agreement as well as the maximum penalties acknowledged by Liebnitz in the Request to Enter a Plea and Waiver of Rights form could be reached only by application of the repeater penalties, neither specifically stated that Liebnitz was in fact a repeat offender.

¶ 9. Also on February 26, 1993, a plea hearing was held. The district attorney described the terms of the plea agreement, including the sentence recommendation, for the record. Liebnitz, in response to the circuit court judge's inquiry, stated that he joined in the agreement described by the district attorney. The circuit court judge asked Liebnitz to state his plea for each of the five counts in the information. Liebnitz pled no contest to each count.

¶ 10. As part of the plea colloquy, the judge ascertained Liebnitz's affirmative understanding of the nature of the five counts charged against him by the State. The circuit court judge also asked Liebnitz if he had read and understood everything contained in the Request to Enter Plea and Waiver of Rights form. Liebnitz answered affirmatively. Upon the inquiry of the circuit court judge, defense counsel stated that he believed that Liebnitz understood both the nature of the charges against him and the consequences of his plea. The judge concluded that Liebnitz was entering his plea freely and voluntarily.

¶ 11. The circuit court judge then found suffi-
cient factual basis for Liebnitz's plea in the facts as
outlined in the complaint. The judge asked, "Mr. Lieb-
nitz, is it correct that by your pleas you've chosen not to
contest the allegations contained in the complaint that
was provided to you when you first appeared in court?"
Liebnitz answered in the affirmative. The judge did
not, however, advise Liebnitz of the maximum penal-
ties he would be facing by entering a plea or ask
Liebnitz if he was actually a repeat offender. During
this phase of the proceedings, the State did not offer
any proof to establish Liebnitz's status as a repeat
offender. After the judge pronounced Liebnitz guilty,
the State requested that the court find, as a matter of
law, the repeater allegation in the complaint. The
judge responded, "the Court will find that he appar-
ently is a repeater as defined under Wisconsin
statutes."

¶ 12. Sentencing immediately followed the plea
hearing. Statements made by the State during sentenc-
ing referred to the penalty enhancement caused by the
repeater and its impact on the sentence recommenda-
tion in the plea agreement. Defense counsel specifically
told the circuit court judge, "we're joining in this recom-
mendation for the sentences as set forth in the plea
agreement, and I think that [the district attorney] has
given you more than adequate reasons why you should
follow the recommendation." The judge stated that in
making the sentencing decision, he considered the fact
that Liebnitz had two prior felony convictions. The
judge also characterized the sentence recommenda-
tions as, "if he had not had the status as a felon, these
are really basically double the statutory maximums."
Neither Liebnitz nor his counsel acknowledged or dis-
puted that Liebnitz was a repeat offender during

sentencing. The judge subsequently gave Liebnitz the sentence recommended in the plea agreement.

¶ 13. In 1998 Liebnitz brought a motion to void the portion of the sentence generated by his repeater status. It is this motion that is the subject of our review. According to Liebnitz, relief is warranted because the requirements of Wis. Stat. § 973.12(1) were not satisfied when he was sentenced. Liebnitz contends that he did not admit his repeat offender status, the State had not proved his status, and therefore the penalty enhancements must be vacated as not authorized by law. The circuit court denied his motion. Liebnitz appealed. The court of appeals subsequently certified the following question to this court:

> When a defendant never disputes the repeater allegation, bargains for a sentence enhanced because of the repeater allegations and receives the sentence he or she bargained for, but there is a failure of proof of the repeater allegation, what is the result?

## Standard of Review

¶ 14. The sole issue presented in this case is whether the requirements of Wis. Stat. § 973.12(1) have been satisfied. Application of § 973.12(1) to undisputed facts presents a question of law that we review de novo. *State v. Reitter*, 227 Wis. 2d 213, 223, 595 N.W.2d 646 (1999); *State v. Zimmerman*, 185 Wis. 2d 549, 554, 518 N.W.2d 303 (Ct. App. 1994). Although our review of this question of law is independent, we benefit from the analyses conducted by the circuit court and court of appeals. *Reitter*, 227 Wis. 2d at 223. In our review we consider the analysis for certification pro-

vided by the court of appeals where, as here, the court of appeals has not decided the issue. *Id.*

## Analysis

¶ 15. Under Wis. Stat. § 973.12(1), an individual may be sentenced as a repeater if he either admits the prior convictions or the convictions are proved by the State. " 'A charge of being a repeater is not a charge of a crime and, if proved, only renders the defendant eligible for an increase in penalty for the crime of which he is convicted.' " *State v. Farr*, 119 Wis. 2d 651, 661, 350 N.W.2d 640 (1984) (quoting *Block v. State*, 41 Wis. 2d 205, 212, 163 N.W.2d 196 (1968)). If the requirements of § 973.12 are satisfied, the consequence is that "the defendant is subjected to the possibility of a sentence longer than the maximum one provided by law for the offense for which the defendant is convicted." *Id.* The State concedes it did not prove Liebnitz's prior convictions. During the plea colloquy, the circuit court judge did not directly ask Liebnitz whether he had been convicted of the crimes set forth in the repeater allegations. Nevertheless, based upon the principles we applied in *State v. Rachwal*, 159 Wis. 2d 494, 465 N.W.2d 490 (1991), we find that the record presents sufficient facts to find that Liebnitz's plea to the information constitutes an admission.

¶ 16. In *Rachwal*, the defendant pled no contest to a misdemeanor charge that included a repeater provision. During the plea colloquy the circuit court judge specifically drew the defendant's attention to the repeater provision. *Id.* at 502–03. The judge also advised the defendant of the increased penalty he would face as a result of being charged as a repeater. *Id.* In addition, the judge solicited an affirmative response from the defendant, acknowledging an under-

standing of the consequences of entering a plea to a repeater charge. *Id.* We concluded in *Rachwal* that the record demonstrated that the defendant was cognizant of the potential consequences of entering a no contest plea. *Id.* at 511. We stated that presumably the defendant chose to enter a no contest plea "because he honestly knew the allegations as to his prior convictions to be true and because he considered it futile to require proof by the prosecution." *Id.* Under these circumstances the defendant's plea of no contest to a criminal complaint containing a repeater allegation constituted an admission of his prior convictions for purposes of Wis. Stat. § 973.12 and Wis. Stat. § 939.62. *Id.* at 512–13.

¶ 17. We went on to say in *Rachwal* that "in the future, it may be that his plea of guilty or no contest would not constitute an admission, e.g., if the judge does not conduct the questioning as did the judge here so as to ascertain the defendant's understanding of the meaning and potential consequences of such a plea." *Id.* at 512.

¶ 18. Liebnitz contends that the future is now, for in this case the circuit court judge at the plea hearing did not ascertain Liebnitz's understanding of the meaning and potential consequences of a plea to charges that included a repeater provision. Nevertheless, we find that the record demonstrates, as it did in *Rachwal*, that Liebnitz was fully aware of the repeater charge and its consequences.

¶ 19. First, the record shows that both the criminal complaint and the information charged Liebnitz as a repeat offender under Wis. Stat. § 939.62 on all the counts to which he subsequently pled no contest. Both the complaint and information set forth in detail the nature of his previous convictions, the dates of convic-

tion, the number of years added to the underlying charge as a result of his repeater status, and the maximum possible term of imprisonment for each count when the repeater provision is applied.

¶ 20. Second, when Liebnitz appeared in court on August 31, 1992, the judge read each count and its possible penalties to Liebnitz, asked if Liebnitz understood the nature of the charge, and received an affirmative answer from Liebnitz. The judge also read the repeater charge associated with each count, including the description of when and of what Liebnitz had been convicted previously, and explained specifically how the repeater charge increased the possible penalties associated with the underlying charge. After reviewing each repeater provision with Liebnitz, the judge asked Liebnitz if he understood the possible enhancement of the penalty. Each time Liebnitz replied in the affirmative.

¶ 21. Third, we note that unlike *Rachwal*, in this case a plea agreement was reached between Liebnitz and the State. *Rachwal*, 159 Wis. 2d at 503. Liebnitz completed a plea questionnaire and waiver of rights form, and the form was filed with the circuit court. One section of the form, completed and initialed by Liebnitz, stated "I acknowledge that a factual basis for my plea of no contest is established by the criminal complaint and transcript of preliminary exam [sic]."

¶ 22. Finally, during the course of accepting Liebnitz's no contest plea and establishing a factual basis for the plea, the judge asked Liebnitz, "is it correct that by your pleas you've chosen not to contest the allegations contained in the complaint that was provided to you when you first appeared in court?" Liebnitz replied "yes." As we stated in *Rachwal*, it is a well-established rule "that what is admitted by a guilty

or no contest plea is all the material facts alleged in the charging document." *Rachwal*, 159 Wis. 2d at 509. (collecting cases). In this case the criminal complaint clearly set forth the repeater charge attached to each count filed against Liebnitz, and Liebnitz specifically stated on the record that he would not contest any allegation in the complaint.

¶ 23. We note that the question certified in this case is analogous to the issue we recently considered in *State v. Burns*, 226 Wis. 2d 762, 594 N.W.2d 799 (1999). In *Burns*, we affirmed the defendant's judgment of conviction, even though he did not "expressly and personally articulate a plea of no contest on the record in open court, because the only inference possible from the totality of the facts and circumstances in the record is that the defendant intended to plead no contest." *Id.* at 764. In this case, the record supports a finding that Liebnitz understood the nature and consequences of the charges against him and the consequences of his plea. In *Farr* we said that for the purposes of Wis. Stat. § 973.12(1), an "admission may not by statute be inferred nor made by defendant's attorney, but rather, must be a direct and specific admission by the defendant." *Farr*, 119 Wis. 2d at 659 (1984). However, as we noted in *Rachwal*, "*Farr's* prescriptive for determining an admission is not necessarily exclusive." *Rachwal*, 159 Wis. 2d at 508. In *Farr* the court was presented with a case in which a jury had found the defendant guilty of burglary. *Farr*, 119 Wis. 2d at 655. The standard set forth in *Farr* reflected the fact that the defendant never admitted all the material facts alleged in the charging document.

¶ 24. In contrast to *Farr*, Liebnitz pled no contest, which is an admission to all the material facts

alleged in the complaint. The complaint, read in whole to Liebnitz, contained the repeater allegations. He responded affirmatively that he understood these allegations and, at the taking of the plea, stated he would not contest them. We conclude therefore that based upon the totality of the record, Liebnitz's plea to the information constituted an admission for purposes of Wis. Stat. § 973.12.[6]

*By the Court.*—The order of the circuit court is affirmed, and the cause is remanded.

¶ 25. ANN WALSH BRADLEY, J. *(dissenting)*. The problem with the majority opinion is that in lowering the standard to address the actions of this defendant, it lowers the standard for us all. The majority's new standard apparently is that if the complaint containing allegations of prior convictions is read to the defendant at the initial appearance, then that is good enough to establish six months later at the plea hearing a direct and specific admission by the defendant to those allegations. Because the majority lowers the standard so low that it is essentially devoid of limitation, I dissent.

¶ 26. The majority, apparently mindful of its race to the bottom, makes a glaring omission. It fails to acknowledge that in *State v. Rachwal*, 159 Wis. 2d 494, 513, 465 N.W.2d 490 (1991), this court previously lowered the standard and addressed the "absolute bare minimum." Now the majority once again lowers the standard. The majority's critical omission can perhaps be best understood as a recognition that today's deci-

---

[6] Having found the requirements of Wis. Stat. § 973.12 to be satisfied, we need not address the State's arguments regarding waiver, estoppel, or invited error.

sion results in an unwarranted erosion of the statutory requirement that a defendant cannot be sentenced as a repeat offender unless the State proves the prior convictions or they are admitted by the defendant.[1]

¶ 27. In *State v. Farr*, the court stated that an "admission may not [under § 973.12] be inferred nor made by defendant's attorney, but rather, must be a direct and specific admission by the defendant." 119 Wis. 2d 651, 659, 350 N.W.2d 640 (1984). Moreover, a defendant's silence could not constitute an admission of his prior conviction, unless it was affirmatively proved by the State. *Id.* at 660.

¶ 28. The court redefined the *Farr* requirement in *Rachwal* and found that according to the particular circumstances of that case, a plea of no contest produced a specific and direct admission to a repeater status in satisfaction of Wis. Stat. § 973.12. 159 Wis. 2d at 512–13. The *Rachwal* court, recognizing that it was lowering the statutory requirement, made clear that the particular circumstances verge upon the "absolute bare minimum necessary for a valid admission." *Id.* at 513.

¶ 29. By finding a direct and specific admission in this case, the majority dismisses the limitations of

---

[1] Wisconsin Stat. § 973.12 (1991–92) provides in relevant part:

> **(1)** Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. . . .If such prior convictions *are admitted by the defendant or proved by the state,* he shall be subject to sentence under s. 939.62 unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater. . . .

(Emphasis added.)

the *Rachwal* decision. *Rachwal* made several references to the sufficient and detailed plea colloquy, in which the circuit court referenced the repeater charges and alerted the defendant to the increased penalties flowing from those charges. The *Rachwal* court incorporated the colloquy into the defendant's understanding of the allegations he was facing and found that the "no contest plea, viewed in the context of the record discussion constituted an affirmative admission of the allegations contained in the complaint." *Id.* at 508.

¶ 30. The majority endeavors to tailor the facts of the present case to address the limitation imposed by *Rachwal* that a direct and specific admission cannot be found without "questioning. . .so as to ascertain the defendant's understanding of the meaning and potential consequences of such a plea." 159 Wis. 2d at 512. The majority notes that at the plea hearing, Liebnitz's attorney stated his belief that Liebnitz understood the meaning and consequences of his plea. Majority at 281. Its attempt, however, falls short of the mark.

¶ 31. The questioning during Liebnitz's colloquy did not remotely approach the level of questioning by the circuit court in *Rachwal*. Furthermore, reliance on defense counsel to articulate Liebnitz's admission undermines the *Farr* mandate that a defendant's admission cannot be made by his attorney. 119 Wis. 2d at 659.

¶ 32. We must measure a defendant's understanding of the nature of his charge at the time the plea is entered. *State v. Bangert*, 131 Wis. 2d 246, 269, 389 N.W.2d 12 (1986). *See also State v. Bartelt*, 112 Wis. 2d 467, 474 n.2, 334 N.W.2d 91 (1983) ("Because the fact that a defendant was told sometime earlier of his rights is not necessarily determinative of whether he under-

stood those rights at a later time."). There is no evidence to suggest that at the time of the plea hearing Liebnitz understood the significance of his repeat offender charge.

¶ 33. Yet the majority concludes that based on the "totality of the record," Liebnitz fully understood the nature of the repeater charge at the time he entered his plea. A review of the record cited in the majority opinion, however, underscores the frail foundation of the majority's conclusion.

¶ 34. The majority concedes, as it must, that at the plea hearing the judge neither asked Liebnitz if he was actually a repeat offender nor advised Liebnitz of the maximum penalties he would be facing as a repeat offender by entering his plea. Majority op. at 282. The majority also concedes, as it must, that at the plea hearing the State did not offer any proof to establish Liebnitz's status as a repeat offender. Majority op. at 282.

¶ 35. Likewise, the majority acknowledges that neither the written statement of the plea agreement nor the plea questionnaire and waiver of rights form specifically stated that Liebnitz was a repeat offender. Majority op. at 281. Although the majority references the record of the sentencing hearing that immediately followed the plea hearing, it concedes that neither Liebnitz nor his counsel admitted that Liebnitz was a repeat offender at the sentencing hearing. Majority op. at 282.

¶ 36. The majority's true focus is not on the "totality of the record," but on Liebnitz's initial appearance, which took place six months prior to the plea hearing and during which the court read him the allegations contained in the complaint. In an attempt to fill the void in the record at the critical time of the plea

hearing and the void during the six-month interval, the majority spends nearly one-quarter of its opinion quoting at length from the transcript of the initial appearance.

¶ 37. The majority opinion apparently stands for the proposition that even though six months have passed, a reading of the complaint at the time of the initial appearance will suffice for the conclusion that at the time of the plea hearing Liebnitz had entered a direct and specific admission of his prior convictions. Because such a conclusion lowers the standard to the bottom and renders the legislative mandate meaningless, I dissent.

¶ 38. I am authorized to state that CHIEF JUSTICE SHIRLEY S. ABRAHAMSON joins this dissent.