STATE of Wisconsin, Plaintiff-Respondent,

v.

Shane P. KASHNEY, Defendant-Appellant.

Court of Appeals

*No. 2007AP2687–CR. Submitted on briefs August 13, 2008. —Decided October 1, 2008.*

2008 WI App 164

(Also reported in 761 N.W.2d 672.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Paul G. LaZotte*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Rebecca Rapp St. John*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Snyder and Neubauer, JJ.

¶ 1. BROWN, C.J. In *State v. Saunders*, 2002 WI 107, ¶¶ 67–69, 255 Wis. 2d 589, 649 N.W.2d 263, the supreme court stated that evidence of repeater status

may not be submitted until "post-trial." Here, the evidence was submitted after the jury returned the guilty verdicts and had left the courtroom, but before the court had rendered judgment on the verdicts and concluded the trial. We rejected a no-merit appeal to clarify what the term "post-trial" means, in our view. Now, after full briefing on the subject, we are satisfied that the State may submit repeater evidence at any time following the jury verdict up until the actual sentencing. We therefore affirm because the State met its burden regarding repeater evidence.

¶ 2.   Shane P. Kashney was a passenger in a moving vehicle on July 4, 2004, when he fired a short-barreled shotgun into a crowd of people leaving approximately twenty-five pellet wounds in one victim. As a result, the victim was hospitalized for five days and underwent exploratory surgery. The State charged Kashney with four crimes: (1) discharging a firearm from a vehicle at another person, in violation of WIS. STAT. § 941.20(3)(a)1;[1] (2) first-degree recklessly endangering safety with a dangerous weapon, in violation of WIS. STAT. §§ 941.30(1) and 939.63(1)(b); (3) possession of a short-barreled shotgun, in violation of WIS. STAT. § 941.28(2)-(3); and (4) a felon in possession of a firearm, in violation of WIS. STAT. § 941.29(2)(a). For the first three charges, the State also included a penalty enhancer under WIS. STAT. § 939.62(1)(b) and (c) because Kashney was a repeat offender within the meaning of § 939.62(2).

¶ 3.   To prove the penalty enhancer, the State filed three different certified judgments of felony convictions. The State filed one at the preliminary hearing.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

The other two do not have an exhibit sticker or a date filed stamp. However, the trial minutes indicate that the court received certified judgments, at its request, just after the jury determined guilt on the first three charges and left the courtroom, and before the court found Kashney guilty of count four based on the parties' stipulation[2] and entered judgment on the verdicts.

¶ 4. At sentencing, the court used the repeater enhancement on charges one and two. First, Kashney's attorney acknowledged the State's repeater evidence during an exchange with the judge. Then the court held that Kashney was a repeat offender and enhanced his sentence with a total of three additional years of incarceration.

¶ 5. Afterwards, Kashney appealed his conviction and his counsel filed a no-merit report that we rejected, in part[3] because we thought the meaning of post-trial was arguable. Then we extended Kashney's time to file a Wis. Stat. Rule 809.30 postconviction motion, which he did file. Ultimately, though, the circuit court denied Kashney's motion to vacate the repeater portions of his sentences. The court concluded that the repeater evidence did not have to come in post-trial; it just had to come in before sentencing to give the defendant notice.

¶ 6. On appeal, Kashney argues that the State failed to prove Kashney's repeater status under Wis. Stat. § 973.12(1) because the State offered its evidence before the end of trial. He alleges that, under *Saunders*,

---

[2] The parties stipulated that if the jury returned a guilty verdict on either charge two or both charges one and three, then the court could enter judgment against the defendant on charge four without a jury trial on that charge.

[3] We also rejected the no-merit appeal because Kashney entered into a stipulation that waived his right to have a jury determine all of the elements of the felon in possession offense.

the State may offer its evidence only after the court has pronounced judgment following the trial. Because the State submitted its evidence before the judgment, he asserts that the procedure ran afoul of *Saunders*.

¶ 7.   We review this case de novo because it is a question of law. *See State v. Bonds*, 2006 WI 83, ¶ 12, 292 Wis. 2d 344, 717 N.W.2d 133. Review of a defendant's repeater enhancement "involve[s] the application of WIS. STAT. § 973.12(1) to a set of undisputed facts." *Saunders*, 255 Wis. 2d 589, ¶ 15.

¶ 8.   Wisconsin law allows courts to enhance a defendant's sentence when the defendant is a repeat offender. WIS. STAT. § 939.62(1). This may result in the court sentencing the defendant to a longer term of incarceration than allowed for the underlying crime. *See id.; see also* WIS. STAT. § 973.12(1). "[T]he legislature has determined that [repeat] offenders warrant increased punishment, in part because they have failed to learn respect for the law. The increased penalties for repeaters 'serve as a warning to first offenders.' " *Saunders*, 255 Wis. 2d 589, ¶ 41 (citations omitted). A defendant is a repeater if he or she was convicted of a felony during the five years before the charged crime. Sec. 939.62(2). To prove the repeater status, the defendant must personally admit to a qualifying prior conviction, or the State must prove the existence of the qualifying prior conviction beyond a reasonable doubt. Sec. 973.12(1); *Saunders*, 255 Wis. 2d 589, ¶¶ 19, 63. This proof provides notice to defendants so that they can rebut the evidence of repeater status at sentencing. *Saunders*, 255 Wis. 2d 589, ¶ 53.

¶ 9.   Kashney argues that after *Saunders*, the State must also introduce the repeater evidence "post-trial." He interprets post-trial as occurring only after the court has pronounced judgment following the trial.

¶ 10. The paramount issue that our supreme court decided in *Saunders* was whether the State could use only certified judgments to prove repeater status. *Id.*, ¶¶ 3, 70. But, the court also discussed *when* such proof may be offered. The court stated that proof was "after trial" and "after the verdict and [] heard solely by the sentencing judge." *Id.*, ¶¶ 44, 46. The court also stated that the State must offer its proof "immediately after [the] verdict, in a presentence investigation report, at a sentencing hearing, or at any time before actual sentencing," and that it "need not be offered during trial." *Id.*, ¶¶ 48, 43 n.19.

¶ 11. Ultimately, the reason why we rejected the no-merit appeal was because of our concern for due process. Due process, in this context, has two main parts. First, due process requires us to keep the repeater evidence away from the decision maker until a finding of guilt on the crime charged. *Block v. State*, 41 Wis. 2d 205, 212, 163 N.W.2d 196 (1968). This is because repeater evidence is likely to prejudice the jury. *See State ex rel. La Follette v. Raskin*, 34 Wis. 2d 607, 624, 150 N.W.2d 318 (1967). Second, before sentencing, the defendant must have an opportunity to challenge the existence of the prior convictions before the judge. *State v. McAllister*, 107 Wis. 2d 532, 539, 319 N.W.2d 865 (1982).

¶ 12. Based on our supreme court's comments and our due process concern, we glean that post-trial means as early as "immediately after [the] verdict" and as late as "any time before actual sentencing." *Saunders*, 255 Wis. 2d 589, ¶¶ 48, 43 n.19. This way, the evidence will not prejudice the decision maker, and the defendant can still challenge the evidence prior to sentencing. Our

confidence in this interpretation is bolstered by the fact that, in *Saunders*, the State submitted the repeater evidence "[i]mmediately after the jury had been dismissed," which is very similar to the factual situation here. *See id.*, ¶ 59. Moreover, the supreme court stated in *Saunders* that the trial court queried whether the parties disputed the existence of the judgment of conviction in the file at the close of trial. *Id.*, ¶ 60. To interpret post-trial in a more restrictive way, as Kashney argues, would hold form over substance. We decline to accept his argument.

¶ 13.  In this case, the State submitted certified judgments both at the preliminary hearing and after the jury verdict. We conclude that the evidence submitted after the jury verdict is post-trial and can be used to prove Kashney's repeater status.

¶ 14.  Because we find that the State submitted sufficient evidence post-trial, we affirm.

*By the Court.*—Judgment and order affirmed.