HAMMILL, Plaintiff in error, v. STATE, Defendant in error.

*No. State 46. Argued June 3, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 792.)

For the plaintiff in error there was a brief by *Stuart G. Urban* and *McIntyre, Kinney & Urban,* all of Lancaster, and oral argument by *Stuart G. Urban.*

For the defendant in error the cause was argued by *Sverre O. Tinglum,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *James B. Halferty,* district attorney of Grant county.

ROBERT W. HANSEN, J.   The defendant claims that the sentences here imposed were the result of an abuse of trial court discretion in that the sentencing court was influenced by data coming from an improper source, to wit: The confidential records of the state department of health and social services, obtained without an order from the county or juvenile judge permitting their use. For three reasons, the challenge fails.

*The statute.* While the statute relied upon does provide that records or information of the type here involved ". . . shall not be open to inspection or their contents

disclosed except by order of the court," [1] meaning juvenile court,[2] there is an exception made. The section does not apply to "the confidential exchange of information between these agencies or other social welfare or law enforcement agencies regarding individuals in the care or legal custody of one of the agencies." [3] The trial court's examination, *in camera,* of the defendant's file was within the exception to the rule.

*Discretion.* In securing and considering information material and relevant to the sentencing phase of a criminal proceeding, trial courts in this state have been given great discretion. The restrictive rules of evidence that control on the issue of guilt are not applicable to the sentencing phase.[4] Prior juvenile court proceedings involving the defendant,[5] and even adjudications of delinquency subsequently invalidated or set aside,[6] may be reviewed. The defendant's record, furnished to the trial court by a probation or parole officer, falls well within the outer limits of what may be considered by a sentencing court in determining an appropriate sentence in a particular case.

[1] Sec. 48.78, Stats.

[2] Sec. 48.02 (2), Stats.

[3] Sec. 48.78, Stats.

[4] *Deja v. State* (1969), 43 Wis. 2d 488, 492, 493, 168 N. W. 2d 856.

[5] *Neely v. State* (1970), 47 Wis. 2d 330, 334, 335, 177 N. W. 2d 79, holding: ". . . Not only is all relevant information to be brought to the attention of the sentencing judge, but considerable latitude is to be permitted trial judges in obtaining and considering all information that might aid in forming an intelligent and informed judgment as to the proper penalty to be imposed."

[6] *Neely v. State, supra, McKnight v. State* (1971), 49 Wis. 2d 623, 182 N. W. 2d 291. *See also: Waddell v. State* (1964), 24 Wis. 2d 364, 368, 129 N. W. 2d 201, approving use of presentence reports, evidence of complaints and information directly communicated to the judge by third persons as indicative of defendant's ". . . pattern of behavior which, in turn, is an index of the defendant's character, a critical factor in the sentencing. . . ."

*Waiver.* If there had been error or abuse of discretion in the procedure followed, the right to object on this record would have been lost by waiver. No objection was made by trial counsel at the time of trial. In fact, as to the use of the data now challenged, the trial court stated: ". . . I read this with the consent of defense counsel and the district attorney. . . ." One reason for consent to an *in camera* inspection of the department record by the judge may well have been to protect the "confidential exchange of information" suggested by the statute,[7] for the sentencing court, following perusal of the record, returned the file to the district attorney ". . . with instructions that he keep it confidential and return it promptly to its original custody in the department." At the time of hearing the postconviction motion, the trial court stated that the procedure followed was the result of defense trial counsel's suggestion. Regardless of such suggestion and obvious consent, the failure to object alone constitutes waiver.

What was agreed to at the time of trial cannot be objected to at the time of appeal. However, here nothing was lost by the failure to object at trial for the procedure followed in the sentencing phase is held to be statutorily authorized and well within the limits of trial court discretion.

*By the Court.*—Judgment and order affirmed.

---

[7] Sec. 48.78, Stats.