STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Patrick A. SAUNDERS, Defendant-Appellant.†

Supreme Court *

*No. 01–0271. Oral argument May 29, 2002.—Decided July 16, 2002.*

2002 WI 107

(Also reported in 649 N.W.2d 263.)

† Motion for reconsideration denied 10-24-02

591

For the plaintiff-respondent-petitioner the cause was argued by *William L. Gansner,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

For the defendant-appellant there was a brief by *Beth Ermatinger Hanan* and *Reinhart Boerner Van Deuren, S.C.,* Milwaukee, and oral argument by *Beth Ermatinger Hanan.*

¶ 1. DAVID T. PROSSER, J. This is a review of an unpublished decision of the court of appeals, which reversed an order of the Kenosha County Circuit Court, Bruce E. Schroeder, Judge, denying defendant Patrick A. Saunders' motion for post-conviction relief.[1] Saunders claimed that the State failed to prove his status as a repeat offender for sentence enhancement purposes.

---

[1] *State v. Saunders,* No. 01–0271, unpublished order (Wis. Ct. App. Aug. 29, 2001).

He requested commutation of that portion of his prison sentence based on his status as a habitual criminal, to eliminate the alleged improper sentence enhancement. The court of appeals granted Saunders' request for relief, and the State appealed.

¶ 2. This case requires the court to determine how prior convictions are "proved by the state" under Wis. Stat. § 973.12(1) (1999–2000)[2] for sentence enhancement. The question presented is whether a copy of a prior judgment of conviction must be certified when the state uses it to prove a defendant's status as a repeat offender for sentence enhancement purposes. To answer this question, we must also address the issue of whether the rules of evidence formally apply at presentence proceedings in which the state attempts to prove prior convictions for sentence enhancement purposes under Wis. Stat. § 939.62.

¶ 3. We hold that Wis. Stat. § 973.12(1) does not require the state to use certified copies of prior judgments of conviction as the basis for enhanced penalties under Wis. Stat. § 939.62. We conclude that the rules of evidence do not apply to documents offered during a circuit court's presentence determination of whether a qualifying prior conviction exists.[3] Use of an uncertified

---

[2] Although Saunders was convicted in the present case under the 1991–92 Statutes, the primary statutory sections discussed in this opinion are unchanged for purposes of our analysis. Therefore, all subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

[3] The phrase "qualifying prior convictions" means, for purposes of this opinion, prior convictions that meet the requirements for permitting a defendant's criminal sentence to be enhanced under Wis. Stat. § 939.62. A felony conviction "during the five-year period immediately preceding the commission of

copy of a prior judgment of conviction may be an acceptable means of proving that a convicted defendant holds the status of a habitual criminal under § 939.62, so long as the state proves the existence of qualifying prior convictions beyond a reasonable doubt. Accordingly, we reverse the decision of the court of appeals.

## I. BACKGROUND

¶ 4. The facts of this case are not in dispute. In March 1993 Patrick A. Saunders was charged in Kenosha County with five criminal offenses, including two counts of armed burglary for crimes committed in February 1993.[4] In the information, the State also alleged that Saunders was a repeat offender, pursuant to Wis. Stat. § 939.62, based on his March 1991 conviction for burglary, entered in Rock County Circuit Court.[5]

the crime for which the actor presently is being sentenced" or three misdemeanor convictions during that same period qualify an offender for sentence enhancement as a habitual criminal. Wis. Stat. § 939.62(2). In computing the preceding five-year period, the time during which the defendant was in actual confinement serving a criminal sentence is excluded. *Id.* Finally, these convictions must remain of record and be unreversed. *Id.; see also* discussion *infra* ¶ 17.

[4] Saunders was charged with two counts of burglary while armed, contrary to Wis. Stat. § 943.10(1)(a)2. & (2)(a) (1991–92); and one count each of theft, contrary to Wis. Stat. § 943.20(1)(a)3.a. (1991–92); operating a motor vehicle without the owner's consent, contrary to Wis. Stat. § 943.23(3) (1991–92); and operating a vehicle to flee an officer, contrary to Wis. Stat. § 346.04(3) (1991–92).

[5] The allegation in the information stated: "Said defendant is a repeat offender pursuant to Section 939.62, Wisconsin Statutes, having been convicted of the felony offense of *BUR-*

¶ 5. In August 1993 a jury found Saunders guilty of all five counts. Immediately after excusing the jury, the circuit court engaged in a colloquy with the prosecutor and Saunders' trial counsel. Saunders was present at this colloquy. The court noted that a copy of the 1991 Rock County judgment of conviction was located in the court file and asked if there were any dispute that the judgment of conviction was present in the court file. Saunders' counsel replied that there was no dispute as to the file containing this document, nor was there a dispute as to the fact of Saunders' prior conviction in 1991. Accordingly, the court made a finding that Saunders was a repeat offender under § 939.62. The actual language used in this exchange was as follows:

> THE COURT: The Information alleges that the defendant is a repeat offender, having been convicted of felony on March 22, 1991, at Rock County, Wisconsin, and there is a judgment of conviction, as a matter of fact in the file. Is there any dispute that that is the fact?
>
> [COUNSEL FOR SAUNDERS]: No. I believe that there is a conviction in Rock County and another one in Illinois, so that the repeater aspects of it is not in dispute.
>
> THE COURT: Is not in dispute is that what you said?
>
> [COUNSEL FOR SAUNDERS]: Is not in dispute.
>
> THE COURT: Accordingly I find that the defendant is a repeat offender under our law.

_GLARY_ on [or] about March 22, 1991 in Rock County, Wisconsin, Circuit Court File No. 89–CR–1131."

¶ 6. After a sentencing hearing on October 7, 1993,[6] the court sentenced Saunders to sixty years in prison, thirty years on each of the two burglary counts.[7] Each sentence consisted of the maximum twenty years allowable under the state's then-current armed burglary statutes, *see* Wis. Stat. §§ 943.10(1)(a) and (2)(a); 939.50(3)(b) (1991–92), and the maximum ten years allowable under the repeater statute, *see* Wis. Stat. § 939.62(1)(c) (1991–92). Hence, one-third of each sentence was based on habitual criminality sentence enhancements.

¶ 7. After two unsuccessful motions for post-conviction relief,[8] Saunders eventually filed a third motion in January 2001 under Wis. Stat. § 974.06.[9] He contended that the State failed to satisfy the proof

---

[6] Saunders' prior convictions were not discussed during this sentencing hearing.

[7] The court withheld sentence on the remaining counts, and ordered eight years of probation to be served after completion of Saunders' prison sentence.

[8] Saunders' failure to raise in a prior motion or appeal a claim that his repeater sentence was invalid under Wis. Stat. § 973.12 does not prohibit him from asserting this claim under a subsequent § 974.06 motion. *State v. Flowers,* 221 Wis. 2d 20, 22–23, 586 N.W.2d 175 (Ct. App. 1998).

[9] Wisconsin Stat. § 974.06 provides, in pertinent part:

> Postconviction procedure. (1) After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court or a person convicted and placed with a volunteers in probation program under s. 973.11 claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

requirements of Wis. Stat. § 973.12 to permit an enhanced sentence under § 939.62. Saunders asserted that he never personally admitted to the existence of a prior conviction during the sentencing proceedings and that the State failed to independently prove his prior Rock County conviction. Consequently, he argued, the repeater-enhanced portions of his sentence were in excess of that permitted by law and must be voided under Wis. Stat. § 973.13.[10]

¶ 8. The circuit court issued an order, dated January 10, 2001, denying this request. Saunders appealed. The court of appeals summarily reversed the circuit court's order, *State v. Saunders,* No. 01–0271, unpublished order (Wis. Ct. App. Aug. 29, 2001), concluding that the State had failed to meet its burden of proving Saunders' prior conviction for repeater purposes. *Id.* at 1. The court rejected each of the State's three arguments that it had established adequate proof of Saunders' prior conviction.

¶ 9. First, the court of appeals gave no weight to the State's use of an uncertified copy of the 1991 Rock County judgment of conviction. The court concluded that, although no dispute existed as to the authenticity of the copy, the uncertified copy was inadequate. The court noted the State's failure to cite any Wisconsin

---

[10] Section 973.13 provides:

> Excessive sentence, errors cured. In any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings.

Wis. Stat. § 973.13; *see also Flowers,* 221 Wis. 2d 28 (stating that § 973.13 applies if there is a failure to prove prior convictions under § 973.12(1)).

case permitting proof of a conviction by a copy other than a certified copy of a judgment of conviction. *Id.* at 2. It also looked to language in a prior court of appeals decision recognizing certified copies as the "best evidence" of the existence of prior convictions. *Id.* (quoting *State v. Flowers,* 221 Wis. 2d 20, 32, 586 N.W.2d 175 (Ct. App. 1998)).

¶ 10. Second, the court concluded that the State was mistaken in attempting to use Saunders' admissions of his prior convictions during his impeachment at trial, as proof of these prior convictions at sentencing. *Id.* The court noted that prior convictions must be proved at sentencing, not during trial. *Id.* (citing *State v. Koeppen,* 195 Wis. 2d 117, 129–30, 536 N.W.2d 386 (Ct. App. 1995)). Furthermore, these admissions did not relate directly to Saunders' repeater status and were not made to the level of detail required for an effective admission under Wis. Stat. § 973.12(1). *Id.* at 2–3.

¶ 11. Finally, the court held that the presentence investigation report (PSI) could not to serve as a source of the State's proof since it failed to make an explicit reference to a burglary conviction on March 22, 1991, the exact date of the Rock County conviction. *Id.* at 3. Without this detail, the court said, the PSI was inadequate for purposes of proving Saunders' prior conviction.

¶ 12. The court of appeals concluded that, with only this evidence of Saunders' prior conviction, the State failed in its proof under § 973.12(1). *Id.* The court remanded the action to the circuit court, instructing it to vacate that portion of Saunders' conviction that was based on his status as a repeater and to enter a new sentence based solely on the allowable sentence maximums for his underlying crimes. *Id.*

¶ 13. We granted the State's petition for review.

## II. ANALYSIS

¶ 14. This case requires us to clarify the state's proof requirements for invoking the habitual criminality sentence enhancement provisions of Wis. Stat. § 939.62. More specifically, we must decide whether an uncertified copy of a judgment of conviction may serve as part of the proof of a defendant's qualifying prior conviction in the absence of a personal admission by the defendant.

■

¶ 15. The question of whether penalties based on a defendant's repeater status were properly applied involves the application of Wis. Stat. § 973.12(1) to a set of undisputed facts. This is a question of law to which we apply de novo review. *State v. Liebnitz,* 231 Wis. 2d 272, 283, 603 N.W.2d 208 (1999); *State v. Campbell,* 201 Wis. 2d 783, 788, 549 N.W.2d 501 (Ct. App. 1996).

¶ 16. Wisconsin Stat. § 939.62 is one of many statutory provisions that enhance a convicted criminal defendant's potential exposure to confinement.[11] The

---

[11] Other examples of statutory enhancements of criminal penalties include Wis. Stat. §§ 939.621 (certain domestic abuse offenses), 939.622 (committing a serious sex crime while infected with AIDS, HIV or a sexually transmitted disease), 939.623 (repeat serious sex crimes), 939.624 (repeat serious violent crimes), 939.625 (criminal gang crimes), 939.63 (use of a dangerous weapon), 939.632 (violent crime in a school zone), 939.64 (use of bulletproof garment), 939.641 (concealing identity), 939.645 (crimes committed against certain people or property), 939.646 (crimes committed using information from the sex offender registry), 939.647 (violent felony committed against an elder person), and 939.648 (terrorism). In addition, the state has constructed graduated penalty schemes for repeat

section pertains to persons whom the legislature has dubbed "habitual criminals" or "repeaters." Wis. Stat. § 939.62.

¶ 17. A "repeater," for purposes of penalty enhancement under § 939.62, is a person who has been convicted of at least one felony or three misdemeanors in the five years preceding the crime for which he or she is being sentenced. Wis. Stat. § 939.62(2).[12] In computing this five-year period, time spent by the defendant in actual confinement while serving a criminal sentence is excluded.[13] *Id.*

¶ 18. The statute permits a court to increase the sentence for most crimes that allow imprisonment, provided the person being sentenced is a repeater under

offenders of certain motor vehicle laws, including Wis. Stat. § 346.65 (operation of a vehicle while intoxicated), and Wis. Stat. § 343.44(2) (operation of a motor vehicle after revocation of license).

[12] Wisconsin Stat. § 939.62(2) provides:

(2) The actor is a repeater if the actor was convicted of a felony during the 5–year period immediately preceding the commission of the crime for which the actor presently is being sentenced, or if the actor was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that the actor was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5–year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

[13] In the present case, Saunders was previously convicted as party to the crime of felony burglary on March 22, 1991. Therefore, irrespective of whether Saunders was placed in confinement subsequent to that conviction, his prior conviction occurred within the five-year period preceding his criminal acts on February 15 and 16, 1993—the acts that generated Saunders' October 1993 convictions in the present case.

the law. Wis. Stat. § 939.62(1). The allowable increase in sentencing follows a formula based upon the maximum sentence available for the underlying crime. Wis. Stat. § 939.62(1)(a)-(c).[14]

¶ 19. Before sentence enhancement may be considered, a criminal defendant's repeater status must be established before the circuit court. A defendant is subject to an enhanced penalty for habitual criminality only if (1) the defendant personally admits to qualifying prior convictions, or (2) the existence of qualifying prior convictions is proved by the state. Wis. Stat. § 973.12(1). Subsection (1) reads:

> Sentence of a repeater or persistent repeater. (1) Whenever a person charged with a crime will be a repeater or a persistent repeater under s. 939.62 if convicted, any applicable prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The

---

[14] Wisconsin Stat. § 939.62(1) provides:

(1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed, except for an escape under s. 946.42 or a failure to report under s. 946.425, the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

(a) A maximum term of one year or less may be increased to not more than 3 years.

(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

(c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. *If the prior convictions are admitted by the defendant or proved by the state, he or she shall be subject to sentence under s. 939.62* unless he or she establishes that he or she was pardoned on grounds of innocence for any crime necessary to constitute him or her a repeater or a persistent repeater. An official report of the F.B.I. or any other governmental agency of the United States or of this or any other state shall be prima facie evidence of any conviction or sentence therein reported. Any sentence so reported shall be deemed prima facie to have been fully served in actual confinement or to have been served for such period of time as is shown or is consistent with the report. The court shall take judicial notice of the statutes of the United States and foreign states in determining whether the prior conviction was for a felony or a misdemeanor.

Wis. Stat. § 973.12(1) (emphasis added). The subsection specifies that an "official report" by a government agency "shall be prima facie evidence of any conviction or sentence therein reported." *Id.*

¶ 20. It is clear on the face of § 973.12(1) that, absent a defendant's personal admission, the state bears the burden of proving that qualifying prior convictions exist if it seeks repeater enhancements under § 939.62. Over time, however, some confusion has developed over what this burden of proof requires.

¶ 21. In interpreting Wis. Stat. § 973.12(1), this court and the court of appeals have fleshed out some of the nuances found in the statute's proof requirements.

¶ 22. For example, an admission under § 973.12(1) of prior convictions may not "be inferred

603

nor made by defendant's attorney, but rather, must be a direct and specific admission by the defendant." *State v. Farr,* 119 Wis. 2d 651, 659, 350 N.W.2d 640 (1984). Moreover, an admission by the defendant must contain specific reference to the date of the conviction and any period of incarceration if relevant to applying § 939.62. *State v. Zimmerman,* 185 Wis. 2d 549, 557, 518 N.W.2d 303 (Ct. App. 1994). This court has also concluded that a defendant who pleads no contest can be held to have admitted to a prior conviction for enhancement purposes, even if the defendant never expressly admitted to the conviction. *See Liebnitz,* 231 Wis. 2d at 286; *State v. Rachwal,* 159 Wis. 2d 494, 509, 465 N.W.2d 490 (1991). The court of appeals limited the preceding rule by stating that the *Rachwal* court "expressly recognized that a guilty plea may not constitute an admission if the judge fails to conduct the proper questioning so as to ascertain the meaning and potential consequences of such a plea." *Zimmerman,* 185 Wis. 2d at 555.

¶ 23. With respect to the state's proof requirements, the court of appeals held that a presentence investigation report may be treated as an official report under § 973.12(1), and it will satisfy the state's proof requirement if it recites the date of the prior conviction. *State v. Caldwell,* 154 Wis. 2d 683, 693–94, 454 N.W.2d 13 (Ct. App. 1990) (citing *Farr,* 119 Wis. 2d at 658).

¶ 24. Wisconsin courts have recognized that a certified copy of a judgment of conviction is excellent documentary evidence for proving a prior conviction for purposes of § 973.12(1). *See Farr,* 119 Wis. 2d at 660; *Block v. State,* 41 Wis. 2d 205, 208, 163 N.W.2d 196 (1968); *State v. Meyer,* 258 Wis. 2d 326, 333–334, 46 N.W.2d 341 (1951); *Flowers,* 221 Wis. 2d at 32; *Koeppen,* 195 Wis. 2d at 127. In *Flowers,* the court of appeals described a certified copy of a judgment of conviction as

"the best evidence we can conceive of to show a trial court the existence of a prior felony conviction." *Flowers,* 221 Wis. 2d at 32. We do not dispute this characterization. However, use of the superlative "best" does not imply exclusion of the merely "good." *See Shellow v. Hagen,* 9 Wis. 2d 506, 516, 101 N.W.2d 694 (1960). That a certified copy of a judgment of conviction is the "best evidence" does not connote that certified copies are the *only* copies that may be used.

¶ 25. This court has never held that a copy of a prior judgment of conviction may be used as proof by the state in cases involving § 973.12(1) only when it is certified. In fact, no reported Wisconsin case has imposed such a requirement on the state. We believe that the court of appeals erred by announcing such a requirement.

¶ 26. The plain language of Wis. Stat. § 973.12(1) does not support the court of appeals' conclusion. The subsection does not demand that prior convictions be proved through any specific method, such as the use of a certified copy of a judgment of conviction. Moreover, the portion of § 973.12(1) that speaks of official government reports constituting prima facie evidence of prior convictions supports the inference that the state may use other forms of evidence—ones not entitled to prima facie deference—to meet its proof requirements under the subsection.

¶ 27. By contrast, *Farr's* requirement that a defendant must personally admit to a prior conviction for an admission to be valid is readily extrapolated from the language of § 973.12(1), which states, "If the prior convictions are admitted *by the defendant* . . . he or she shall be subject to sentence under s. 939.62 . . . ." *Id.* (emphasis added). No creative construction of this

605

language is required to find a legislative intent that the admission be made by the defendant personally, as opposed to defendant's counsel.

¶ 28. In addition, little is gained by distinguishing between certified and uncertified prior judgments of conviction in this context. The primary purpose of certifying a record is to help ensure its authenticity and accuracy. However, in the context of proof at a post-judgment presentence hearing, an uncertified copy is not materially different from a certified copy of the same judgment. It is identical except for the certification that comes from an official stamp. It should be at least as reliable as a summary of the conviction in an official government report. Therefore, while a certified copy of a judgment of conviction is a superior form of documentary evidence, it need not represent the only copy that may be used by the state.

¶ 29. If an uncertified copy contains inaccurate information about the prior conviction, the defendant should object to the accuracy of the document. Likewise, if a defendant questions the state's overall mode of proof, the defendant should object to that mode of proof. An objection would advise the court of the defendant's concern and permit the state to take remedial action.

¶ 30. After all, a defendant *is always permitted to contest the authenticity or, more likely, the accuracy of even a certified copy* of a judgment of conviction. Human beings complete these forms and, although we would hope that typographical errors within these important documents are rare, errors may nonetheless exist.[15] Similarly, the state may not use as proof a

---

[15] An example of such a clerical error within a judgment of conviction was at issue in *State v. Prihoda,* 2000 WI 123, 239 Wis. 2d 244, 618 N.W.2d 857.

judgment that has been reversed or expunged, even if the judgment is certified. Put simply, judicial personnel are not infallible. Accordingly, even a certified copy of a document establishing a prior conviction may be rebutted, just as inaccuracy in a presentence investigation report may be challenged.

¶ 31. It would be an odd result if we were to preclude the state from offering an uncertified copy of a prior judgment of conviction when the defendant makes no objection to the submission of the document. It is commonly understood that when evidence is submitted at trial, much less for sentencing, a defendant who remains silent generally waives any objection to the submission of that evidence.[16]

¶ 32. Finally, our holding is consistent with the differing proof requirements this court has established for general repeater enhancements under Wis. Stat. § 973.12 and proof requirements for repeater enhancements for certain motor vehicle crimes. In the companion cases of *State v. Wideman,* 206 Wis. 2d 91, 556 N.W.2d 737 (1996), and *State v. Spaeth,* 206 Wis. 2d 135, 556 N.W.2d 728 (1996), we held that the state's proof requirements for showing that a defendant is a repeat offender for the purposes of Wis. Stat. § 346.65, operating a motor vehicle while intoxicated (OWI), and Wis. Stat. § 343.44(2), operating a motor vehicle after revocation (OAR), are not governed by § 973.12(1). *Wideman,* 206 Wis. 2d at 94–95; *Spaeth,* 206 Wis. 2d at 149. In particular, we held that prior OWI or OAR offenses may be proved by either "a defendant's admission, whether given personally or imputed through

---

[16] *See also* discussion *infra* note 25.

counsel," or by the state "placing before the court reliable documentary proof of each conviction." *Spaeth,* 206 Wis. 2d at 148.

¶ 33. This proof requirement remains less imposing than the proof requirement under § 973.12(1). By allowing the use of uncertified copies to prove prior convictions under § 973.12, we do nothing to disturb the holding in *Farr* that only a defendant, not defendant's counsel, may acknowledge the existence of a qualifying prior conviction. *See id.* at 149 ("[t]he *Farr* holding is limited to situations in which the proof standards of § 973.12(1) apply"). This burden remains greater than what this court required in *Wideman* and *Spaeth,* where we held that a defense counsel's admission of a defendant's prior offense constitutes competent proof of the prior offense for purposes of OWI or OAR penalty enhancement. *See Wideman,* 206 Wis. 2d at 105; *Spaeth,* 206 Wis. 2d at 148.

¶ 34. In sum, the language of Wis. Stat. § 973.12 does not require an interpretation that only a certified copy of a judgment of conviction may be used as proof when the state seeks to show the existence of a qualifying prior conviction for sentence enhancement purposes. We therefore decline to graft such a requirement onto the text of § 973.12(1).

¶ 35. Our interpretation of Wis. Stat. § 973.12(1)'s proof requirements does not resolve this case because there are other considerations that could require the state to proffer a certified copy of a prior judgment of conviction.

¶ 36. In particular, we must determine whether the rules of evidence formally govern the state's mode of proof of prior convictions for sentence enhancement

purposes. If the rules of evidence were to apply in proving prior convictions under § 973.12(1), then these rules alone might require that the state use a certified copy of a judgment of conviction to satisfy its burden of proof.

¶ 37. In that event, we would need to address this court's rules regarding the use of public records at trial, as spelled out in Wis. Stat. § 910.05.[17] Inasmuch as prior judgments of conviction are public records, copies of these judgments must conform to the public records requirements for documentary evidence under Wis. Stat. § 910.05, *if* the rules of evidence apply. Rule 910.05 appears to require that copies of judgments of conviction would need to be certified, unless a certified copy "cannot be obtained by the exercise of reasonable diligence."[18] *Id.*

---

[17] Wisconsin Stat. § 910.05 provides:

> Public records. The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with s. 909.02 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

[18] In oral argument the State offered another rule of evidence, Wis. Stat. § 910.03, as a possible means to counteract Saunders' argument that the uncertified copy of the judgment of conviction was improperly before the circuit court at sentencing. Section 910.03 allows for duplicate copies to be used for evidentiary purposes to the same extent as an original if no genuine question is raised as to the authenticity of the original. It provides: "Admissibility of duplicates. A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in

¶ 38. To determine whether the rules of evidence apply, we must decide the true nature of the proceeding in which the state proves prior convictions for sentence enhancement purposes. If habitual criminality is a factor that goes merely to sentencing, then the rules of evidence do not apply. *See* Wis. Stat. § 911.01(4)(c); *Hammill v. State,* 52 Wis. 2d 118, 120, 187 N.W.2d 792 (1971). Conversely, if prior convictions are deemed elements of the crime when defendants are charged as repeaters, then the full panoply of evidentiary rules at trial should apply. *See* Wis. Stat. § 911.01(2). If neither characterization is completely correct, then the court must determine what process of proof is required.

¶ 39. Considering many factors, we conclude that the proceeding in which the state seeks to prove habitual criminality is, under Wisconsin's statutory scheme, more analogous to the sentencing process than to trial and, therefore, should be treated similarly in terms of evidentiary requirements.

¶ 40. First, the legislature has placed the proof requirements for Wis. Stat. § 939.62 enhancements in Chapter 973, a chapter that deals exclusively with sentencing matters. This categorization, combined with § 911.01(4)(c)'s express language that the rules of evidence are inapplicable during sentencing proceedings, strongly suggests that proof under § 973.12(1) is not governed by the rules of evidence.

¶ 41. Second, the legislature has determined that habitual offenders warrant increased punishment, in

the circumstances it would be unfair to admit the duplicate in lieu of the original." Wis. Stat. § 910.03.

The State maintains that because Saunders failed to object to the use of the uncertified copy, use of this "duplicate" copy of the judgment of conviction was proper.

610

part because they have failed to learn respect for the law. *State v. Harris,* 119 Wis. 2d 612, 619, 350 N.W.2d 633 (1984). The increased penalties for repeaters "serve as a warning to first offenders." *Id.* Rigorous application of the rules of evidence would subvert the purpose of the law if an offender were to escape punishment *solely* because of a technical failure of proof. The process we require should not elevate form over substance.

¶ 42. Third, this court has previously held that, in the context of sentence enhancements based on repeat offender status, the state may use reliable information that would be inadmissible at trial. *See Spaeth,* 206 Wis. 2d at 151. In reaching this conclusion, we stated, "There is no presumption of innocence accruing to the defendant regarding . . . previous . . . convictions; such convictions have already been determined in the justice system and the defendant was protected by his rights in those actions." *Id.* (quoting *State v. McAllister,* 107 Wis. 2d 532, 539, 319 N.W.2d 865 (1982)). In other words, the very nature of prior convictions militates against the need to apply formal rules of proof. The court is primarily concerned with the accuracy of details about the convictions. The defendant and the defendant's attorney have the information and incentive to contest any inaccuracy.

¶ 43. Fourth, § 939.62 does not create an additional element of the underlying crime for which a defendant is charged. This court has long held that "[a] charge of being a repeater is not a charge of a crime and, if proved, only renders the defendant eligible for an increase in penalty for the crime of which he is convicted." *Block,* 41 Wis. 2d at 212; *see also Liebnitz,* 231 Wis. 2d at 284; *Farr,* 119 Wis. 2d at 661. The reasoning behind this treatment is that habitual criminality does not in any way change the nature of the recently

committed crime. *See Harms v. State,* 36 Wis. 2d 282, 285, 153 N.W.2d 78 (1967). In earlier applications of § 939.62, this court expressly stated that proof of recidivism for purposes of enhancing a current criminal sentence should be made "in connection with the sentencing process and not contemporaneously with the issue of guilt." *Block,* 41 Wis. 2d at 212; *see also State v. Goldstein,* 182 Wis. 2d 251, 260, 513 N.W.2d 631 (1994) ("prior conviction is an essential element of proof *to be satisfied at sentencing* if the State is to secure the additional punishment it seeks") (emphasis added). Therefore, the defendant's guilt or innocence of the underlying crime is determined irrespective of, and prior to, the validity of the state's claim that the defendant is a repeater under § 939.62.[19]

¶ 44. The concept that proof of prior convictions should be treated differently from other penalty enhancers is bolstered by recent U.S. Supreme Court decisions. In *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000), the Court held that the U.S. Constitution requires that any fact which increases the penalty for a crime beyond the prescribed statutory maximum, *other than the fact of a prior conviction,* must be submitted to

---

[19] That a defendant's repeater status is not an element of the substantive offense is precisely why proof of the defendant's prior conviction need not be offered during trial and, therefore, why the state's burden of proving prior convictions does not need to be satisfied before a defendant can be convicted of the underlying crimes of which he or she is accused. *See State v. Spaeth,* 206 Wis. 2d 135, 151, 556 N.W.2d 728 (1996) ("prior convictions are not an element of the underlying OAR offense to be proven at trial") (citing *State v. McAllister,* 107 Wis. 2d 532, 537–38, 319 N.W.2d 865 (1982)).

a jury and proved beyond a reasonable doubt.[20] In *Almendarez-Torres v. United States,* 523 U.S. 224, 230 (1998), the Court specifically found that, with regard to federal law, statutory penalty enhancements based on criminal recidivism are not elements of the crime but are properly viewed as sentencing factors. When constitutional due process and jury trial requirements do not compel the determination of a defendant's prior convictions at trial, there is no compelling reason why the rules governing proof of evidence at trial should be applied to a proceeding after trial.

¶ 45. Finally, as with most sentencing decisions, the use of repeat-offender penalty enhancers lies within the discretion of the sentencing judge. *See Hanson v. State,* 48 Wis. 2d 203, 207, 179 N.W.2d 909 (1970) ("A trial judge clearly has discretion in determining the length of a sentence within the permissible range set by [§ 939.62]"). The circuit court is limited only by the statutory maximum allowed under the enhancement; there is no minimum mandatory sentence enhancement that the judge must apply upon a conviction in which habitual criminality has been proved. A sentencing court may, if it wishes, completely forego the use of the penalty enhancement when it sentences a proven repeat offender. *See Harris,* 119 Wis. 2d at 617–18.

¶ 46. To sum up, we know that proof of prior convictions must be made by the state, as clearly

---

[20] Likewise, in *Jones v. United States,* 526 U.S. 227 (1999), the Court held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (*other than prior conviction*) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 243 n.6 (emphasis added).

required under § 973.12(1). Yet it is equally true that a defendant's repeater status is not an element of the underlying crime to be proved prior to the verdict. Because proof of the defendant's qualifying prior convictions comes after the verdict and is heard solely by the sentencing judge, the statutory scheme and case law have treated proof of this element differently from traditional proof at trial. Overall, we believe the proof required of the state under § 973.12(1) fits much better with the process of sentencing. We conclude that the state's proof process under § 973.12(1), at least as it pertains to the use of documentary evidence,[21] is not governed by the formal rules of evidence applicable at trial.[22] Therefore, a copy of a prior judgment of conviction need not be certified to be used as proof in this context.

¶ 47. Although the formal rules of evidence do not apply to documentary proof under § 973.12(1), the state is not relieved of its burden of proof. Penalty enhancement based on habitual criminality is not identical to other sentencing factors.

¶ 48. For instance, proof of prior convictions must be offered by the state *before* sentencing. *Koeppen,* 195

---

[21] This court need not speculate as to what forms of evidence other than official reports of government agencies constitute proof beyond a reasonable doubt of a defendant's prior conviction for purposes of Wis. Stat. § 939.62. Rather, we only answer the question of whether uncertified copies of prior judgments of conviction are allowable as a means of satisfying the burden under § 973.12(1).

[22] Because we hold that the rules of evidence do not formally apply in this context, we do not reach the question of the interplay between Wis. Stat. §§ 910.03 and 910.05 in the context of the state proving prior convictions under § 973.12(1).

Wis. 2d at 130 (noting that § 973.12(1) states that *"[i]f such prior convictions are admitted . . . or proved . . . , [the defendant] shall be subject to sentence* under s. 939.62" and that "[t]his language suggests that the proofs must precede the sentence"). The proof may be offered immediately after verdict, in a presentence investigation report, at a sentencing hearing, or at any time before actual sentencing. In addition, the state must put the defendant on notice, either in the complaint or the information, that it will be seeking an enhanced penalty based on the defendant's prior conviction record. *See* Wis. Stat. § 973.12(1).

¶ 49.　More important, a court may not impose a penalty enhancer until the defendant has admitted to qualifying prior convictions or the state has proved the qualifying prior convictions. Because proof of prior convictions directly affects the sentence a criminal defendant may receive, and thus affects a major liberty interest, this proof is an essential element for the state to prove when it seeks additional punishment under § 939.62. Therefore, "even though the rules of evidence generally do not apply at a sentencing hearing . . . the legislature via § 973.12(1), Stats., and the case law applying that statute has reintroduced a degree of formal proof requirements as to repeater allegations." *Koeppen,* 195 Wis. 2d at 131. If the state fails to meet its proof requirement, then the sentencing court is without authority to sentence the defendant as a repeat offender. *Zimmerman,* 185 Wis. 2d at 558–59.

¶ 50.　The "degree of formal proof" noted in *Koeppen,* 195 Wis. 2d at 131, is reflected in the high burden of proof the state must face. In *State v. Theriault,* 187 Wis. 2d 125, 127, 522 N.W.2d 254 (Ct. App. 1994), the court of appeals concluded that "when the State is put

on notice that a defendant does not admit to [a] habitual criminality allegation, it must provide proof beyond a reasonable doubt of the defendant's repeater status."

■

¶ 51. We agree that, in the absence of a defendant's admission that he or she has been previously convicted of a qualifying offense, the state must prove prior convictions beyond a reasonable doubt in order to satisfy the proof requirements found under § 973.12(1). This burden of proof applies both to the existence of a conviction and the date of the conviction. *See* Wis. Stat. § 939.62(2); *see also Zimmerman,* 185 Wis. 2d at 558.

¶ 52. In sum, we conclude that the rules of evidence do not apply to documentary evidence the state uses to prove the existence of prior convictions for repeater purposes under §§ 939.62 and 973.12(1). A certified copy of a prior judgment of conviction is not *required* for this purpose. Nevertheless, the state bears the full burden of proving prior convictions that may affect the maximum sentence of defendants. The state must prove these convictions beyond a reasonable doubt, and the sentencing judge must weigh this evidence accordingly.

¶ 53. The question ultimately becomes whether the state has submitted enough evidence to satisfy the sentencing judge beyond a reasonable doubt that the defendant has the requisite number of qualifying prior convictions. To answer this question the court must look to the totality of the post-trial evidence presented by the state, including copies of prior judgments of conviction, be they certified or uncertified. The defendant must be informed of the evidence the state is relying upon and be given the opportunity to challenge

that evidence. This approach ensures due process, adheres to the requirements of § 973.12(1), and places upon the state its appropriate burden of proof.

¶ 54. Before concluding our analysis, we pause to comment on the process of proving prior convictions. This case concerns a proceeding in 1993. In the years since 1993, Wisconsin courts have observed that prosecutors face many difficult tasks, but "properly pleading and proving repeater allegations are not among them." *Wideman,* 206 Wis. 2d at 107–08 n.24; *see also Koeppen,* 195 Wis. 2d at 130; *Theriault,* 187 Wis. 2d at 132 n.1; *Goldstein,* 182 Wis. 2d at 261.

¶ 55. Prosecutors should not depend upon the cooperation of defendants to prove prior convictions. They should plan to present the best evidence available, and the best evidence available will normally be a certified copy of a judgment of conviction. When the state presents a certified copy of a judgment of conviction, it reduces the likelihood of a challenge from the defendant and effectively limits any challenge to the accuracy of information within the document. When the defendant challenges information in the document, the defendant invites inquiry into the basis for the challenge and whether he or she is willing to admit any prior convictions. A personal admission, on the record and fully stated, serves as the alternative form of proof recognized in Wis. Stat. § 973.12(1). Although our decision does not require the use of certified copies of judgments of conviction, we strongly urge prosecutors to acquire certified copies of judgments to avoid unnecessary proof problems. This court, in the past, has urged defense counsel to put the state to its proof when the state alleges qualifying prior convictions. *See Wideman,* 206 Wis. 2d at 108. Prosecutors should be ready to respond accordingly.

¶ 56. We also urge courts to develop a standard colloquy regarding prior convictions, so that a defendant's admissions will fully satisfy the requirements of the statute. The defendant may stand mute and decline to respond, as is his or her right, but in many instances an admission will obviate the need for the state to meet its proof requirements.

¶ 57. Finally, presentence investigation reports ought to include the specific dates of any prior convictions still of record and specify dates of incarceration if they are to be relied upon. These relatively simple steps will promote the efficient administration of justice.

■

¶ 58. We now review, under the standards outlined above, whether the circuit court erred in finding that the State adequately proved the existence of Saunders' prior Rock County conviction for purposes of sentence enhancement. We conclude that, under the totality of the information in the record, the court did not err. There was sufficient documentary evidence for the court to find beyond a reasonable doubt that Saunders had been previously convicted of a felony on March 22, 1991, and that his conviction made him eligible for sentence enhancement under Wis. Stat. § 939.62.[23]

¶ 59. First, the uncertified copy of the Rock County judgment of conviction was in the circuit court's file prior to sentencing. Immediately after the jury had been dismissed, the court made direct reference to this copy being in the court file. The copy contained the

_____

[23] The dissent asserts that the State failed to offer evidence in support of its burden of proof. Dissent at ¶ 84. The court had before it an uncertified copy of the judgment of conviction and the presentence investigation report, as well as the defense's reaction to these documents.

requisite information from which a court is permitted to conclude that the defendant is a repeater.

¶ 60. Second, the circuit court directly asked at the close of trial whether there was any dispute as to the fact that there was a copy of the judgment of conviction in the file. Saunders' counsel replied: "No. I believe that there is a conviction in Rock County and another one in Illinois, so that the repeater aspects of it is not in dispute." This inquiry was precise and correct in inviting dispute *as to the existence of this evidence,* rather than asking only whether there was any dispute as to the underlying fact of the conviction. The latter question, directed toward Saunders' trial counsel, would have done no more than repeat the same error identified by this court in *Farr,* 119 Wis. 2d at 659.

¶ 61. This exchange between Saunders' counsel and the court should be properly viewed as the circuit court expressing that: (1) an uncertified copy of a prior judgment of conviction was in the file; (2) the State was proffering the copy to meet its burden of proof under Wis. Stat. § 973.12(1); and (3) Saunders or his counsel, if they disputed the authenticity or accuracy of the document, should object to its use, at some time prior to sentencing. The court did not ask Saunders to personally admit to the prior conviction, although it could have made such an inquiry, and any complete answer with appropriate colloquy would have been given effect as an admission under § 973.12(1).

¶ 62. In rejecting Saunders' argument, as adopted by the court of appeals, we conclude that the failure of Saunders' counsel to object to the evidence offered by the State in this context is significant. When the court inquired as to the presence of the uncertified copy, the initial response of "No" from Saunders' counsel should be construed as an admission to the copy being in the

court file and acceptance of its use as the State's proof of Saunders' prior conviction.[24]

¶ 63. Therefore, by implication, there was a waiver of the defendant's right to object to the use of the uncertified copy as proper proof of a prior conviction. This omission is distinct from any "waiver" of the State's overall proof requirement. A defendant's trial counsel may not, on his or her own, countenance the state's failure to attempt to meet its burden of proof. The colloquy at the end of the jury trial merely shows that Saunders, through his counsel, stipulated to the mode of proof employed by the State.[25] This action contributed to the reasonableness of the circuit court's finding that the State had met its burden of proof under § 973.12(1).

¶ 64. Third, the information presented in the presentence investigation report supports the reasonableness of the circuit court's conclusion that the State met its burden of proof. In this case, the only relevant flaw in the PSI is that it fails to specifically state that Saunders was convicted on March 22, 1991, for the Rock County burglary. Instead, it merely states that Saunders had been charged with "PTAC Burglary" for an offense that occurred on "09–20–89." The report follows with an explanation of the disposition of the

---

[24] The defense counsel's follow-up statement regarding his belief that the convictions themselves occurred is of little probative value to the question of whether the State met its burden under § 973.12(1). It merely illustrates the defense counsel's desire not to object to the State's method of proof.

[25] We note that, even if the rules of evidence would have applied in this case, it is likely that the failure of Saunders' counsel to object would have permitted introduction of the prior judgment of conviction into evidence.

case as "5 Years Wisconsin State Prison System to run concurrent with imprisonment in the state of Illinois."

¶ 65. "PTAC" is a shorthand reference to "Party to a Crime," under Wis. Stat. § 939.05. The copy of the judgment of conviction, under the heading "Crime," lists "Party to the Crime Burglary." The date of the crime in the PSI—"09–20–89"—is the same as the date— "9–20–89"—listed under "Date Crime Committed" in the judgment of conviction. Although we agree with the State that the description of this offense in the PSI plainly refers to the offense and conviction reflected in the judgment of conviction in the court file, we nevertheless do not conclude that the report suffices as prima facie evidence of such conviction. The PSI must state clearly the date of the prior conviction if it is to be used as an official government document under § 973.12(1). *See Farr,* 119 Wis. 2d at 658. This omission ultimately prevents the PSI in this case from being treated as an official government agency report entitled to prima facie deference under § 973.12(1). *See Caldwell,* 154 Wis. 2d at 693.

¶ 66. Nonetheless, while insufficient by itself to prove Saunders' prior Rock County conviction, the report does contribute additional evidence of the existence of Saunders' Rock County conviction. It shows that the offense itself was committed less than five years before sentencing. The record also indicates that both parties examined the PSI, and that Saunders noted factual discrepancies in the report related to other prior convictions but did not raise questions about the 1991 Rock County burglary conviction. The court is entitled to draw reasonable inferences from the evidence before it.

¶ 67. Although only post-trial evidence may be relied upon to prove prior convictions, we note that

there was discussion and acknowledgement of Saunders' prior conviction throughout his criminal prosecution—literally from its inception. For instance, at Saunders' initial appearance, the court commissioner, for purposes of determining bail, inquired into the nature and existence of Saunders' prior convictions. At the preliminary hearing eight days later, the State mentioned that plea negotiations with Saunders' defense counsel had occurred under the premise that Saunders would plead guilty as a repeater to four of the counts. One month later at arraignment, Saunders reserved the right to challenge what he deemed to be "the multiple use of enhancers." Shortly thereafter, Saunders filed a motion to strike any enhancements based on alleged weapons in his possession during his commission of the crimes. However, he was completely silent as to the alleged repeater status enhancement, even though both sets of enhancers were alleged in the Information. He did not subsequently move to strike the enhancements based on repeat offender status. Finally, in response to Saunders' motions for discovery, the State provided to him copies of an FBI teletype/arrest record summarizing his criminal history in Illinois along with a Chicago Police Department report on his criminal history. At that time, the State provided Saunders with a copy of the judgment of conviction for his March 22, 1991, Rock County burglary conviction, along with other documents related to that offense.

¶ 68. Overall, the record is replete with instances showing that Saunders and his trial counsel were well aware of the State's intent to invoke Saunders' Rock County conviction for the purpose of enhancing his sentence. While this portion of the record may not be used as evidence for the State's post-trial proof require-

ment, it does strip Saunders' argument of any pretense that he was treated unfairly.

¶ 69. In sum, based on the totality of the post-trial evidence to the court and the reasonable inferences to be drawn from it, the circuit court properly determined that Saunders qualified as a repeat offender under § 939.62 and the court was permitted to impose sentence enhancements accordingly.

### III. CONCLUSION

¶ 70. An uncertified copy of a prior judgment of conviction may be used by the state to meet its burden of proving a convicted defendant's status as a habitual criminal under Wis. Stat. § 939.62. Wisconsin Stat. § 973.12(1) does not require the use of only certified copies of judgments of conviction. Furthermore, the rules of evidence do not apply to documents offered during a circuit court's presentence determination of whether a qualifying prior conviction exists. However, the state continues to bear the full burden of proof and it must offer proof beyond a reasonable doubt of such a conviction. The better practice is to offer certified copies of judgments of conviction.

¶ 71. The court of appeals erred in concluding that an uncertified, yet uncontested, copy of a judgment of conviction may not be used by the state under § 973.12(1). The circuit court's proper consideration of the copy of the judgment of conviction in the court record, along with the totality of the record surrounding this document, supported a finding that the State proved the requirements of § 939.62 beyond a reasonable doubt. Accordingly, we reverse the decision of the court of appeals and reinstate the Kenosha County Circuit Court's January 10, 2001, order denying Saunders' motion for post-conviction relief.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 72. ANN WALSH BRADLEY, J. *(dissenting).* This case turns on the majority's interpretation of a post-verdict exchange between the circuit court and defense counsel. It interprets the exchange as a defense stipulation to the mode of proof for prior convictions. This interpretation is the linchpin of the majority opinion. Without it, the opinion collapses. Because I conclude that the majority improperly recasts a cursory and ambiguous exchange into a "precise" stipulation, and erroneously determines that a copy of an uncertified judgment of conviction is sufficient to prove repeater status, I respectfully dissent.

I

¶ 73. The majority concedes that Wis. Stat. § 973.12(1) (1999–2000)[1] clearly requires that, absent a personal admission by the defendant, the State bears the burden of proving beyond a reasonable doubt

---

[1] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated. Wisconsin Stat. § 973.12(1) provides in part:

(1) Whenever a person charged with a crime will be a repeater or a persistent repeater under s. 939.62 if convicted, any applicable prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If the prior convictions are admitted by the defendant or proved by the state, he or she shall be subject to sentence under s. 939.62 unless he or she establishes that he or she was pardoned on grounds of innocence for any crime necessary to constitute him or her a repeater or a persistent repeater. An official report of the F.B.I. or

the existence of qualifying prior convictions it seeks to use as repeater enhancements. No one asserts that Saunders personally admitted to the prior conviction. Thus, in order to sustain his sentence, the majority must conclude that the exchange constitutes a stipulation as to the mode of proving the prior conviction.

¶ 74. According to the majority, the following exchange constitutes a stipulation that is "precise . . . as to the existence of [prior conviction] evidence." Majority op at ¶ 60. The majority also opines that the exchange clearly demonstrates the circuit court expressing 1) that an uncertified copy of a prior judgment of conviction was in the file; and 2) that the State was proffering the copy to meet its burden of proof under Wis. Stat. 973.12(1). Majority op. at ¶ 61. I conclude that the majority is overreaching in its interpretation and set forth the exchange for the reader to decide:

THE COURT: The Information alleges that the defendant is a repeat offender, having been convicted of [a] felony on March 22, 1991, at Rock County, Wisconsin, and there is a judgment of conviction, as a matter of fact in the file. Is there any dispute that that is the fact?

[DEFENSE COUNSEL]: No. I believe that there is a conviction in Rock County and another one in Illinois, so that the repeater aspects of it is not in dispute.

THE COURT: Is not in dispute is that what you said?

[DEFENSE COUNSEL]: Is not in dispute.

THE COURT: Accordingly I find that the defendant is a repeat offender under our law. . . .

¶ 75. Was this exchange "precise"? Does it clearly demonstrate the introduction of evidence *by the State*

any other governmental agency of the United States or of this or any other state shall be prima facie evidence of any conviction or sentence therein reported.

625

sufficient to meet its burden of proof under § 973.12(1)? I do not think so, and I am not alone.

¶ 76. The circuit court did not think so. In denying Saunders' postconviction motion, the circuit court referred only to the sentencing hearing, the presentence investigation report (PSI) before the court at the hearing, and a conviction in the PSI that was "acknowledged as factual" at that hearing.

¶ 77. The court of appeals did not think so. It construed the exchange as an admission by defense counsel, which was insufficient to satisfy the personal admission requirement of § 973.12(1).

¶ 78. Even the State apparently did not think so, at least not until it raised the argument for the first time in this court. In its brief to the court of appeals, the State acknowledged that the "not in dispute" statement by Saunders' counsel was in reference to the fact of conviction, not to whether the file contained a copy of a judgment of conviction.

¶ 79. I think the record speaks for itself. The exchange was not the "precise and correct" inquiry the majority terms it.

¶ 80. If this exchange is a stipulation to the mode of proof, then it is no longer clear what difference remains between a stipulation to mode of proof and an admission by defense counsel, which is barred under § 973.12(1). To interpret the exchange as does the majority is to render meaningless the requirement that an admission by the defendant for purposes of § 973.12(1) be personal to the defendant.

¶ 81. Given the weakness of its reliance on this "not in dispute" exchange, the majority opinion seeks to bolster its conclusion by reference to other information in the record, although it acknowledges the inadequacy

of this information as proof under § 973.12(1). It bases its conclusion on the totality of the evidence and couches its review of the circuit court's finding of repeater status in terms of "reasonableness." Majority op. at ¶¶ 53, 63–64.

¶ 82. Specifically, the majority references both the PSI and the pretrial record in support of the circuit court's finding of repeater status. However, as the majority must concede, neither the PSI nor the pretrial history qualifies as proof sufficient for purposes of § 973.12(1). The PSI does not indicate the date of conviction and consequently, it does not qualify as an "official report" under § 973.12(1). *See State v. Caldwell,* 154 Wis. 2d 683, 693–94, 454 N.W.2d 13 (Ct. App. 1990). Also, as the majority concedes, the pretrial record does not support a finding that the State met its post-trial proof requirement. Majority op. at ¶ 68.

¶ 83. Despite these concessions, the majority concludes that based on the totality of the evidence and the "reasonable inferences to be drawn from it," the circuit court properly determined that Saunders was a repeater. Majority op. at ¶ 69. It thereby applies a sort of "new math" for proving repeater status in which zero (the purported stipulation) plus zero (the PSI) plus zero (the pretrial record) equals beyond a reasonable doubt for purposes of § 973.12(1).

¶ 84. I apply the old math under which zero plus zero plus zero still equals zero. The State failed to offer evidence in support of its burden of proof beyond a reasonable doubt under § 973.12(1).

II

¶ 85. Unlike the majority, I would interpret § 973.12(1) to require that a copy of a judgment of conviction be certified. Several considerations lead me

627

to this conclusion: (1) the seriousness of the liberty interest at stake, (2) a comparison to the form of proof necessary in other repeater contexts, and (3) good public policy.

¶ 86. The majority goes to great lengths to determine whether the proceeding at which the State proves repeater status is more like part of a trial or more like sentencing. In doing so, it acknowledges that proof of prior convictions "directly affects the sentence . . . and thus affects a major liberty interest." Majority op. at ¶ 49. Ultimately, however, it concludes that proof of repeater status "fits much better with the process of sentencing." Majority op. at ¶ 46.

¶ 87. I disagree. The serious liberty interest at stake tips the scales in favor of requiring more formal methods of proof like those required at trial. The requirement under § 973.12(1) that proof be beyond a reasonable doubt reinforces my conclusion, contrary to the majority, that proof of repeater status does not fit "much better" with sentencing.

¶ 88. The effect of a finding of repeater status is more like that of an element of a crime that goes to the grade of a crime than it is like that of a sentencing factor. It may significantly increase the defendant's maximum criminal exposure. Here, for example, a finding of repeater status increased Saunders' maximum exposure from 40 to 60 years in prison.

¶ 89. Professor LaFave explains that many states have recognized the serious liberty interest at stake: "In light of the effect of [repeater] statutes in extending the defendant's term beyond the maximum allowed for the offense of conviction, a substantial number of jurisdictions impose more formal procedures

628

for determining repeat-offender status." Wayne R. LaFave, 5 *Criminal Procedure* § 26.6(b), p. 799 (2d ed. 1999).

¶ 90. Wisconsin is one of these jurisdictions. In light of the liberty interest involved, the purpose of § 973.12(1) is to require formal proof of repeater allegations. *See State v. Koeppen,* 195 Wis. 2d 117, 131, 536 N.W.2d 386 (Ct. App. 1995). What could be more consistent with a formal proof requirement than requiring a copy of a judgment of conviction to be certified?

¶ 91. Section 973.12(1) should also be interpreted to require a certified copy based on previous case law addressing repeater status in other contexts. The majority's interpretation is at odds with this precedent.

¶ 92. In *State v. Wideman,* 206 Wis. 2d 91, 556 N.W.2d 737 (1996), and *State v. Spaeth,* 206 Wis. 2d 135, 556 N.W.2d 728 (1996), this court addressed repeater status in the context of OWI and OAR. Those cases established that § 973.12(1) does not apply to OWI and OAR repeater status and that the State carries a lower burden in proving OWI and OAR repeater status than the burden required under § 973.12(1). *Wideman,* 206 Wis. 2d at 102; *Spaeth,* 206 Wis. 2d at 146–47. The majority recognizes, as it must, that the proof requirement for OWI and OAR "remains less imposing than the proof requirement under § 973.12(1)." Majority op. at ¶ 33.

¶ 93. What the majority does not recognize is that in *Spaeth,* the court specifically outlined three alternative minimum proof requirements in OAR cases. *See* 206 Wis. 2d at 153. The court indicated that one of the alternatives was a copy of the judgment of conviction; the court did not specify that the copy must be certi-

fied.[2] *Id.* It is difficult to reconcile this rule from *Spaeth* with the majority's rule that an uncertified copy is sufficient under § 973.12(1). How can the minimum proof sufficient to meet the lower standard also be sufficient to meet the higher standard? Tellingly, the majority does not answer this question.

¶ 94. Finally, an interpretation of § 973.12(1) to require that a copy of the judgment be certified is good public policy. The court of appeals stated eight years ago:

> In recent times, this court has seen a substantial number of cases involving pleading and proof issues under the repeater statute. We are aware of the heavy burdens and caseloads confronting prosecutors. However, correctly pleading and proving a prior conviction for purposes of obtaining an enhanced sentence does not strike us as a particularly onerous or complicated prosecutorial task.

*State v. Goldstein,* 182 Wis. 2d 251, 261, 513 N.W.2d 631 (Ct. App. 1994). Shortly thereafter, the court of appeals repeated a similar admonition, *see Koeppen,* 195 Wis. 2d at 130–31, and this court has as well, *see Wideman,* 206 Wis. 2d at 108. Similarly, the majority now "strongly urge[s]" prosecutors to acquire certified copies of judgments "to avoid unnecessary proof problems."[3] Majority op. at ¶ 55.

¶ 95. In light of the serious liberty interests at stake, our previous cases addressing repeater status in

---

[2] The other two alternatives given were (1) an admission, and (2) a teletype from the Department of Transportation. *State v. Spaeth,* 206 Wis. 2d 135, 153, 556 N.W.2d 728 (1996).

[3] The majority recognizes that this court and the court of appeals have similarly implored prosecutors in the past, yet apparently continues to believe that urging is sufficient.

the OWI and OAR context, and good public policy, I conclude that an uncertified copy of a judgment of conviction is insufficient to prove repeater status beyond a reasonable doubt in accordance with § 973.12(1). I would stop urging and start requiring.

### III

¶ 96. Unlike the majority, I conclude that the cursory and ambiguous post-verdict exchange was not a "precise" stipulation that clearly demonstrated the State was proffering evidence in support of its burden of proof. I also conclude that an uncertified copy of a judgment of conviction is insufficient to prove repeater status beyond a reasonable doubt as required by § 973.12(1). Because I determine that the State failed to meet its burden of proof under § 973.12(1), I conclude that Saunders' sentence was greater than that authorized by law. When a court imposes a sentence greater than that authorized by law, the excess portion of the sentence is void and commuted without further proceedings. *Spaeth,* 206 Wis. 2d at 155–56 (citing Wis. Stat. § 973.13); *see also Koeppen,* 195 Wis. 2d at 131.

¶ 97. I would affirm the court of appeals decision, which remanded to the circuit court to vacate the repeater portion of Saunders' conviction and to enter a new judgment of conviction reflecting a sentence without the repeater enhancement. Accordingly, I respectfully dissent.

¶ 98. I am authorized to state that SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE joins this dissent.